## WEST v. LOUISIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 230. Argued April 5, 1904.—Decided May 2, 1904.

The construction of the state constitution and statutes and the common law on the subject of reading depositions of witnesses in criminal trials is not a Federal question and this court is bound in such cases by the construction given thereto by the state court.

The Sixth Amendment does not apply to proceedings in a state court, nor is there any specific provision in the Federal Constitution requiring defendant to be confronted with the witnesses against him in a criminal trial in the state courts.

The reading in accordance with the law of the State on a criminal trial in a state court, of a deposition taken before the committing magistrate, in the presence of the accused, of a witness who had been cross-examined by the counsel for accused and who was permanently absent from the State, does not deprive the accused of his liberty without due process of law, and is not violative of any provision in the Federal Constitution or any of the Amendments thereto.

As to matters within its exclusive jurisdiction a State has the right to alter the common law at any time, although it had theretofore adopted it with certain limitations, and if through its courts it errs in deciding what the common law is, yet if no fundamental right is denied to an accused, and no specific provision of the constitution is violated, he is not denied due process of law within the meaning of the Federal Constitution.

THE plaintiffs in error were proceeded against by information and were convicted of larceny in the Criminal District Court of the Parish of Orleans, Louisiana, on April 4, 1902, and sentenced to three years' imprisonment, which conviction and sentence were thereafter affirmed by the Supreme Court of Louisiana. 109 Louisiana, 603. They have brought the case here by writ of error.

On the trial the district attorney offered to read the testimony of one Thebaud, after having proved that he was permanently absent from the State and was a non-resident thereof, and that his attendance could not be procured. It appeared that the plaintiffs in error had been arrested and charged with the crime for which they were then on trial, and had been brought before the judge of the City Criminal Court, sitting as

a committing magistrate, and upon the hearing before him, in the presence of the plaintiffs in error and their counsel, the witness Thebaud had been produced and examined orally, and cross-examined by the counsel for plaintiffs in error. The offer of the district attorney, after he had made this proof, to read the testimony thus taken upon the preliminary examination, was objected to by counsel for plaintiffs in error on various grounds, the material one now urged being that it was not shown that the witness whose deposition was proposed to be read was dead, insane or sick, nor that he was absent by the procurement of the plaintiffs in error or their counsel, and it was insisted that the reading of that testimony would be in violation of the act of 1805, being now section 976 of the Revised Statutes of Louisiana, and of article 9 of the bill of rights and constitution of that State, and also would violate the Sixth and Fourteenth Amendments of the Constitution of the United States.

The act of 1805 reads as follows:

"All crimes, offences and misdemeanors shall be taken, intended and construed according to and in conformity with the common law of England; and the forms of indictment (divested, however, of unnecessary prolixity), the method of trial, the rules of evidence and all other proceedings whatsoever in the prosecution of crimes, offences and misdemeanors, changing what ought to be changed, shall be according to the common law, unless otherwise provided." Acts, 1805, p. 440, sec. 33.

Article 9 of the constitution of 1898 of the State of Louisiana provides as follows:

"In all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury: *Provided,* that cases in which the penalty is not necessarily imprisonment at hard labor or death shall be tried by the court without a jury, or by a jury less than twelve in number, as provided elsewhere in the constitution: *Provided further,* that all trials shall take place in the parish in which the offence was committed, unless the venue be changed. The accused in every instance shall

have the right to be confronted with the witnesses against him; he shall have the right to defend himself, to have the assistance of counsel, to have compulsory process for obtaining witnesses in his favor."

The evidence contained in the deposition was material. The objections to the reading thereof were overruled, and the counsel for plaintiffs in error duly excepted. The deposition was then read in evidence.

*Mr. Lionel Adams*, with whom *Mr. Henry L. Lazarus* and *Mr. Richard B. Otero* were on the brief, for plaintiffs in error.

Submitted by *Mr. Walter Guion*, Attorney General of the State of Louisiana, *Mr. F. C. Zacharie* and *Mr. Chandler C. Luzenberg* for defendant in error.

MR. JUSTICE PECKHAM, after making the above statement of facts, delivered the opinion of the court.

The only question for this court to determine is whether the admission of the deposition of Thebaud as evidence upon the trial of this case deprived the plaintiffs in error of due process of law, and therefore was a violation of the Fourteenth Amendment upon the part of the State through its judicial department.

For many years the Supreme Court of Louisiana has held that upon such facts as were proved in this case it was proper to admit a deposition as evidence upon the trial of the accused; that in such circumstances he had been confronted with the witnesses within the meaning of the constitution and laws of the State. Many cases were cited by the Supreme Court in the opinion in this case as authority for the proposition it laid down, and, after having cited them, the court, in its opinion, continued:

"A reference to these various decisions will show that this court has repeatedly permitted the introduction in evidence of testimony of witnesses which had been taken down in writing on a preliminary examination, when the presence of the wit-

nesses themselves at the trial could not be obtained.   In the case before us the witnesses whose written testimony was so received were permanently absent from the State; the accused were present at the examination and cross-examined·the witnesses.   The jurisprudence of the State on the subject fully warranted the action of the District Court in permitting the testimony to be introduced."

Counsel for the plaintiffs in error in their brief used in this court concede that the law of Louisiana, as stated in the above extract from the opinion of the court in this case, "is absolutely indisputable," but they nevertheless urge that the decisions are founded in error and are in violation of the constitution and mandatory statute, (Act of 1805; Rev. Stat. sec. 976, *supra,*) requiring that in the prosecution of crimes, among other things, the rules of evidence shall be in accordance with the English common law as it stood in 1805.

We are now asked to review the decisions of the state court as to what is the law of that State regarding this question of evidence, because as asserted the State has ever since 1805 made the common law, as it existed at that time, the rule as to evidence on criminal trials, and it is contended that the common law did not permit this evidence under circumstances existing in this case, and the state court in permitting the deposition to be read not only violated the state law, but the Fourteenth Amendment, by refusing to the plaintiffs in error due process of law.

Whether the state court erred in its construction of the state constitution and statutes and the common law on the subject of reading depositions of witnesses, is not a Federal question. We are bound by the construction which the state court gives to its own constitution and statutes and to the law which may obtain in the State, under circumstances such as those existing herein.   Among many of the cases to that effect see *Brown* v. *New Jersey*, 175 U. S. 172.

As to the Federal Constitution, it will be observed that there is no specific provision therein which makes it necessary in a

state court that the defendant should be confronted with the witnesses against him in criminal trials. The Sixth Amendment does not apply to proceedings in state courts. *Spies* v. *Illinois*, 123 U. S. 131; *Brown* v. *New Jersey*, 175 U. S. 172, 174; *Maxwell* v. *Dow*, 176 U. S. 581, 586. The only question, therefore, is, as we have stated, whether the reading of the deposition under the circumstances amounted to a violation by the State of the Fourteenth Amendment, by depriving the plaintiffs in error of their liberty without due process of law.

At common law, the right existed to read a deposition upon the trial of the defendant, if such deposition had been taken when the defendant was present and when the defendant's counsel had had an opportunity to cross-examine, upon proof being made to the satisfaction of the court that the witness was at the time of the trial dead, insane, too ill ever to be expected to attend the trial, or kept away by the connivance of the defendant. This much is conceded by counsel for plaintiffs in error, but they deny that the common law extended the right to so read a deposition upon proof merely of non-residence, permanent absence and inability to procure the evidence of the witness upon the trial.

There is some contrariety among the authorities and text-writers whether under the common law a deposition is admissible in such case. Assuming, however, that the state court erroneously held what the common law was on the subject, we must, in order to reverse this judgment, go further, and hold that a trial thus conducted and a deposition thus admitted did not furnish due process of law to the accused; in other words, that the refusal to exclude this deposition (an error regarding the admissibility of evidence) took away from plaintiffs in error a right of such an important and fundamental character as to deprive them of their liberty without due process of law.

The State of Louisiana had the right to alter the common law at any time, although it had theretofore adopted it with certain limitations. If, through its courts, it erred in deciding

what the common law was, yet, if no fundamental and absolutely all-important right were thereby denied to an accused, he still had due process of law and could not complain to this court regarding the error, assuming, of course, that the decision did not conflict with some specific provision of the Federal Constitution.

As was said in *Brown* v. *New Jersey, supra:*

"The State is not tied down by any provision of the Federal Constitution to the practice and procedure which existed at the common law. Subject to the limitations heretofore named, it may avail itself of the wisdom gathered by the experience of the century to make such changes as may be necessary. For instance, while at the common law an indictment by the grand jury was an essential preliminary to trial for felony, it is within the power of a State to abolish the grand jury entirely and proceed by information."

The limit of the full control which the State has in the proceedings of its courts, both in civil and criminal cases, is subject only to the qualification that such procedure must not work a denial of fundamental rights or conflict with specific and applicable provisions of the Federal Constitution. *Brown* v. *New Jersey, supra.*

Coming to a decision of the question before us, we are of opinion that no Federal right of the plaintiffs in error was violated by admitting this deposition in evidence. Its admission was but a slight extension of the rule of the common law, even as contended for by counsel. The extension is not of such a fundamental character as to deprive the accused of due process of law. It is neither so unreasonable nor improper as to substantially affect the rights of an accused party or to fundamentally impair those general rights which are secured to him by the Fourteenth Amendment. The accused has, as held by the state court in such case, been once confronted with the witness and has had opportunity to cross-examine him, and it seems reasonable that when the State cannot procure the attendance of the witness at the trial, and he is a non-resident

and is permanently beyond the jurisdiction of the State, that his deposition might be read equally as well as when his attendance could not be enforced because of death or of illness, or his evidence given by reason of insanity.

We say this with reference to the question whether the admission of the deposition fails to give the accused "due process of law," as provided for in the Fourteenth Amendment. As the Sixth Amendment does not apply to the state courts, the question as to what is required under its provisions in order to preserve the right to be confronted with the witness is eliminated from any inquiry by this court in this case.

We have held, *Hurtado* v. *California*, 110 U. S. 516, that the words "due process of law," in the Fourteenth Amendment, do not require an indictment by a grand jury in the prosecution by a State for murder. We have also held, *Maxwell* v. *Dow*, 176 U. S. 581, that the trial of a person in a state court, accused as a criminal, by a jury of only eight persons instead of twelve, and his subsequent conviction and imprisonment, did not deprive him of his liberty without due process of law. See also *Brown* v. *New Jersey, supra,* as to a struck jury. In these cases it was held that the several rights mentioned in them were not those fundamental ones which were protected by the Federal Constitution when presented for review under state prosecutions.

The cases contain a somewhat full statement upon the subject of what constitutes or fulfills the requirements of "due process of law," so far as it relates to questions of this nature, and it is only necessary for us at this time to refer to those cases, without renewing the discussion here. Within the principle there decided the plaintiffs in error were accorded due process of law.

It is true that the proceedings in the cases were under particular state statutes, while it is contended here that there are no state statutes authorizing the rule as laid down by the Supreme Court of Louisiana. But that court has held that the proceeding was justified, and the deposition admissible under the law of that State. Whether the decision of the state court is made

under the authority of a statute or on its own construction of what the law of the State is, cannot in such case as this be a material inquiry, because the sole question for this court is, whether the Federal Constitution has been violated by the decision of the state court. We think it has not.

. The cases cited from this court are not in any degree inconsistent with the views herein expressed, while some rather tend to support them.

In *Reynolds* v. *United States,* 98 U. S. 145, which was a prosecution for bigamy in the Territory of Utah under section 5352, Revised Statutes of the United States, it was held that when there was some proof that an absent witness was kept away by procurement of the defendant the burden of proof was on him to show (having full opportunity therefor) that he was not instrumental in concealing or keeping the witness away. If the defendant failed, he was in no condition to assert his constitutional right to be confronted with the witness.

In *Mattox* v. *United States,* 156 U. S. 237, the indictment was for murder, and it was found in the United States District Court of Kansas. It was held that the testimony of a former witness of the government, once taken by a stenographer on a former trial, and fully examined and cross-examined, was admissible on a second trial on proof of the death of the witness.

In *Murray* v. *Louisiana,* 163 U. S. 101, the state court, on the trial of plaintiff in error for murder, permitted to be read the evidence of a witness taken in the presence of the accused at the preliminary hearing, read to and signed by the witness, the prosecuting officer alleging that the witness was beyond the jurisdiction of the court, and his attendance could not be procured. This court refused to decide as to the admissibility of the evidence, as the bill of exceptions did not show the substance of the evidence and that it was material.

In *Kirby* v. *United States,* 174 U. S. 47, which was the case of an indictment in the District Court of the United States for the Southern Division of the District of South Dakota, it was held that, admitting the judgment convicting the three persons of

stealing postage stamps under the circumstances stated in the case, under the provisions of the act of Congress of March 3, 1875, chap. 144, section 2, that such judgment "shall be conclusive evidence against said receiver, that the property of the United States therein described has been embezzled, stolen or purloined," was improper in that the provision of the statute violated the clause of the Constitution of the United States declaring that in all criminal prosecutions the accused should be confronted with the witnesses against him, and the judgment was, therefore, reversed.

In *Motes* v. *United States*, 178 U. S. 458, which was an indictment under section 5508 of the Revised Statutes of the United States, it was held that the admission upon the trial of written statements made by one Taylor at the preliminary examination was in violation of the rights of the accused under the Sixth Amendment of the Constitution of the United States, declaring that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him. It was so held because, as the court found, the absence of the witness was manifestly due to the negligence of the officers of the government. The witness was a witness for the prosecution and had been once committed to jail without bail, and his absence was, therefore, not within any recognized exceptions to the general rule prescribed in the Constitution.

These are the cases to which our attention has been called, and it is manifest there is nothing in them opposed to our judgment in this case. They are all cases arising in the Federal courts, with one exception, *Murray* v. *Louisiana*, and in that case the question was left untouched. In the other cases they were subject to the provision of the Federal Constitution assuring the accused the right to be confronted with the witnesses against him. But in not one of those cases was it held that, under facts such as were proved in this case, there would have been a violation of the Constitution in admitting the deposition in evidence. All the cases admit some exceptions to the general rule. What those exceptions may be is a question

for the state courts, in prosecutions therein, under the rule as already stated. The exception alleged in this case has not been denied by this court heretofore.

We are unable to see that any applicable provision of the Federal Constitution has been violated by the judgment in this case, and it is, therefore,

*Affirmed.*

MR. JUSTICE HARLAN dissented.