# OHIO *ex rel.* LLOYD *v.* DOLLISON.

## ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 262.    Argued April 28, 29, 1904.—Decided May 16, 1904.

The first eight articles of the amendments to the Constitution of the United States have reference to powers exercised by the government of the United States, and not to those of the States.

The power of the State over the liquor traffic is such that the traffic may be absolutely prohibited, and that being so it may be prohibited conditionally and a local option law does not necessarily deny to any person equal protection of the laws because the sale of liquor is by the operation of such a law a crime in certain territory and not in other territory.

This court will not anticipate the judgment of the state court by deciding what persons are qualified to act as jurors before the trial and one who is to be tried cannot complain until he is made to suffer.

It is not necessarily a deprivation of liberty or property without due process of law to commit to the judgment of a court the amount of punishment for illegal liquor selling.

The Ohio local option law regulating the sale of liquor is not unconstitutional as depriving one attempting to sell liquor in that if the State in which such sale is prohibited of his liberty or property without due process of law or denying him the equal protection of the laws.

THE plaintiff in error was committed to custody upon a warrant for violating the law of Ohio called the "Beal Local Option Law." He petitioned in *habeas corpus* for his discharge to one of the judges of the State having jurisdiction. On hearing he was remitted to custody and the judgment was affirmed by the Supreme Court of the State. This writ of error was then sued out. The question involved is the constitutionality of the law.

The facts constituting the violation of the law were alleged to be the unlawful selling and furnishing to one E. L. Scott, a resident of the city of Cambridge, six pints of beer, and with keeping a place where intoxicating liquors are kept for sale,

given away and furnished for beverage purposes. The sale was not within any of the exceptions of the law.

In the petition for *habeas corpus* it was alleged that plaintiff in error was arrested by a constable of the township of Cambridge, upon a warrant issued by a justice of the peace in and for the township of Center, Guernsey County, Ohio, which township is outside of the geographical boundaries of the city of Cambridge, where the violation of the law was claimed to have occurred.

That by virtue of the arrest plaintiff in error was committed to jail in the county of Guernsey, and there imprisoned by J. B. Dollison, the sheriff of the county.

*Mr. F. S. Monnett*, with whom *Mr. D. F. Pugh* and *Mr. R. M. Nevin* were on the brief, for plaintiff in error.

*Mr. W. B. Wheeler*, with whom *Mr. A. V. Taylor* was on the brief, for defendant in error.

MR. JUSTICE McKENNA, after stating the case, delivered the opinion of the court.

The petition alleged that the law violated the constitution of the State in certain particulars. We omit the allegations, as the Supreme Court of the State decided against their sufficiency, and its judgment is not open to our review.

Wherein the law offends the Constitution of the United States was expressed as follows:

"It contravenes section 1, article 14, of the Constitution of the United States, in that it denies to this defendant and other persons within its jurisdiction the equal protection of the law; it deprives said defendant and other citizens of their liberty and property without due process of law; it contravenes article 5 of the Constitution of the United States; it contravenes article 6 of the Constitution of the United States, in that the accused cannot enjoy the right to a speedy and public trial

by an impartial jury of the State and district wherein the crime is and shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation in this, to wit, that said jury cannot be selected by any previously enacted law from the territorial district, to wit, of the city of Cambridge, which district, and within which district alone, said crime, if any, is, was and could have been committed." .

All of these objections, however, are not open to the plaintiff in error to make. It is well established that the first eight articles of the amendments to the Constitution of the United States have reference to powers exercised by the government of the United States, and not to those of the States. *Eilenbecker* v. *Plymouth County*, 134 U. S. 31. Our consideration, therefore, must be confined to the contentions under the Fourteenth Amendment. Those contentions are that the Ohio statute denies plaintiff in error the equal protection of the law and deprives him of liberty and property without due process of law.

The first contention can only be sustained if the statute treat plaintiff in error differently from what it does others who are in the same situation as he. That is, in the same relation to the purpose of the statute. The statute is too long to quote at length. It is a local option law. It permits the municipal corporations of the State to prohibit "the selling, furnishing and giving away of intoxicating liquors as a beverage, or the keeping of a place where such liquors are sold, kept for sale, given away or furnished." It excepts druggists in certain cases and manufacturers when selling in wholesale quantities to "*bona fide* dealers trafficking in intoxicating liquors or in wholesale quantities to any party residing outside of the limits of said municipality." What constitutes a "giving away" is expressed in the statute as follows: "The words, 'giving away,' where they occur in this act, shall not apply to the giving away of intoxicating liquors by a person in his private dwelling, unless such private dwelling is a place of

public resort." By a subsequent statute it was enacted that each railway corporation which shall maintain or conduct dining or buffet cars upon any one of its trains and shall desire to dispense intoxicating liquors on such cars may do so by obtaining a license from the State upon the payment of $300 or $700, accordingly, as the corporation operates either 200 or 700 miles of railway within the State. It is not clear whether plaintiff in error relies on that act as a part of the other and an addition to its discriminations. Assuming him to do so, the exceptions in the statute are druggists, manufacturers, persons who give away liquors in their private dwellings, and railway corporations dispensing liquors in dining and buffet cars under state license.

These exceptions constitute the inequalities of the statute upon which plaintiff in error bases his contention. He is not one of the excepted classes. He is a retail dealer of liquor; may be a saloon keeper, but of that the record does not clearly inform us. If between his occupation and the excepted occupation there is such difference as to justify a difference of legislation, necessarily he cannot complain, and, we think, there is a manifest difference. It is equally manifest if we should regard him as "giving away" his liquor. That act may not have the same objectionable consequences when done in a private dwelling as when done in a saloon or other place of business. The State may look beyond the mere physical passing of liquor from one person to another and regard and constitute the place where it is done the essence of the offense. But even if the discriminations of the statute were less obviously justifiable we might not be able to condemn them. *Missouri, Kansas & Texas R. R. Co.* v. *May, ante,* p. 267.

Plaintiff in error further urges that to make an act a crime in certain territory and permit it outside of such territory is to deny to the citizens of the State the equal operation of the criminal laws, and this he charges against and makes a ground of objection to the Ohio statute. This objection goes to the power of the State to pass a local option law, which, we think,

is not an open question. The power of the State over the liquor traffic we have had occasion very recently to decide. We said, affirming prior cases, the sale of liquor by retail may be absolutely prohibited by a State. *Cronin* v. *Adams,* 192 U. S. 108. That being so, the power to prohibit it conditionally was asserted, and the local option law of the State of Texas was sustained. *Rippey* v. *Texas,* 193 U. S. 504.

The next contention of plaintiff in error is that under the statute he is not on equal terms with all others accused of crime. He attempts to support this contention by a provision of the constitution of Ohio and a decision of the Supreme Court of that State. By the constitution of the State those charged with crimes are guaranteed "a speedy, public trial by an impartial jury of the county or district in which the offence is alleged to have been committed." The Supreme Court, considering this provision, said in *Cooper* v. *State,* 16 Ohio St. 328:

"The right of the accused to an impartial jury cannot be abridged. To secure this right it is necessary that the body of triers should be composed of men indifferent between the parties and otherwise capable of discharging their duty as jurors, . . . This duty is enjoined by the constitution, and, it is true, cannot be impaired or the right abridged by legislative action."

Applying the constitution and the decision, plaintiff in error asserts that the district in which his offense was committed was necessarily the area of the operation of the statute, and it is only jurors selected from such district that will be indifferent between the State and him. It is only such jurors, he urges, that are his peers, and he defines a peer to be one "capable of committing a like crime and suffering a like punishment and liable to a like disgrace."

There are two answers to the contention, First, it must be inferred from the decision of the Supreme Court in the case at bar that plaintiff in error does not construe correctly either the constitution of the State or the opinion he cites. Second,

plaintiff in error has not yet been tried. What the courts of the State may decide as to jurors we do not wish to anticipate, and plaintiff in error cannot complain until he is made to suffer.

The final contention of plaintiff in error is that the statute of Ohio deprives him of due process of law. The only additional argument advanced on this contention is that the statute does not define the words "wholesale" and "retail," and fails to limit the amount of the fine or penalty to be imposed by the court. This omission of the General Assembly, it is said, vests legislative power in the judiciary, which cannot be done in a republican form of government.

Of this contention we need only observe that if a case can exist in which the kind or degree of power given by a State to its tribunals may become an element of due process under the Fourteenth Amendment, it would have to be a more extreme example than the Ohio statute. Wholesale and retail are pretty well known terms, and present less uncertainties than many terms submitted to courts for interpretation. Besides, would it not be strange to hold that a statute unaccompanied by a glossary of its terms leaves unfulfilled the legislative power?

The statute declares a person guilty of a violation of its provisions to be guilty of a misdemeanor and imposes a penalty for a first and second offense a maximum and minimum fine, and for any subsequent offense a fine of not less than two hundred dollars and imprisonment of not more than sixty days and not less than ten days. Revised Statutes of Ohio, sections 4364–20b. As we understand the argument of plaintiff in error, his objection is directed to the penalty for the third and subsequent offenses. We might dispose of the objection by saying it anticipates the future too much. He is not now concerned with that penalty. He has not yet been convicted of a first offense as far as the record shows. Indeed the charge against him presumably is based on his first offense. But considering him entitled to make the objection, we may answer

it and close the discussion by observing that it is not an extreme discretion to commit to the judgment of a court in the manner provided by the Ohio statute the amount of punishment to fix for illegal liquor selling.

*Judgment affirmed.*