The plaintff does not claim to have complied with the statutes of Ohio in reference to requesting the prosecuting attorney of Summit county, or the city solicitor of Akron, to bring this suit. At the hearing all the matters complained of in the petition of plaintiff were waived, except the queston of the constitutionality of the law, known as the Brannoek Law, and the case was submitted and argued by the plaintiff on that one question. The defendants contended:
First. That the plaintiff has no right to prosecute the action, because he has not complied with the statutes of Ohio, so as to permit him to bring the action as a tax-payer, on behalf of himself and others, and that on no other ground has he the ■right to bring such an action.
Second. That this court has no authority to enjoin a public election, not even when about to be held under an unconstitutional law.
Third. Defendants deny that the law is unconstitutional.
In view of the conclusion I have reached on the third proposition, I have not considered and do not decide the other two.
Plaintiff argues that the law in question is unconstitutional for six reasons, which I shall not now stop to enumerate. But defendants claim that the same six propositions were urged in a case in the Franklin County Common Pleas, which was decided last May, and which was announced as the decision of the four common pleas judges of that subdivision (Yol. 2 N. *573 P. — N. S., page 85), which decision was affirmed by the circuit court in July (4 C. C. — N. S., page 494), and is now pending in the Supreme Court of thfe state.
But plaintiff contends, however, that one of the reasons which he urges in this case why said law is unconstitutional, was not argued nor passed upon in the case cited above, and that is, that the law violates Section 1 of Article II of the Constitution, which reads as follows:
“The legislative power of this state shall be vested in a General Assembly, which shall consist oi a senate, and a house of representatives.”
It might be well to call attention to the fact that it is -well recognized practice of courts to presume all laws constitutional, and to declare a law unconstitutional only when it is clear that the law is in irreconcilable conflict with the Constitution ; this is especially proper practice for common pleas courts.
“The repugnancy which must cause a law to fall, must be necessary and obvious. If, by a fair course of reasoning the law and the Constitution can be reconciled, the law must stand ’ ’ (2 O. S., page 609).
The Brannoek Law provides, in substance, that when forty per cent, of the electors in a residence district, in a municipal corporation, petition for an election, then an election should be ordered in that district; but the boundaries and extent of such district are not determined until such forty per cent, sign such petition, in which the territory to be affected by the election is described.- In practical operation, the law works in this way: Some few persons get together and prepare a petition for an election, and they therein describe such residence territory or district, as those few persons decide, limited only by some general restrictions in the law; then that petition is circulated, and forty per cent, of the electors sign the same, and that being the first petition filed, for the territory described therein, an election must be ordered for such territory, thus permitting forty per cent, of the voters, or a minority, to define and describe the district to which the law shall be applied. The election being thus held, decides whether that territory or district shall be “wet or dry” for the next two years.
*574 The vote at such election is not as to what territory shall be included in the district; but only whether or not the territory selected by said forty per cent, of'the electors shall be “wet or dry” for the next two years.
Plaintiff claims that it is unconstitutional to permit said forty per cent, of the electors to decide such a legislative quesiton, to-wit., to what territory the law shall apply; that such a question must be determined by the Legislature itself. And if it may be determined at all by the electors, then all of the electors, either directly or through the agency of a representative body, must have an opportunity to take part in such determination.
The trouble with this contention of the plaintiff is that.it assumes that the act of the forty per cent, of the electors in a district, in causing an election to be held in a territory selected by them, is an act of legislation.
Our Supreme Court has decided that such an act is not the exercise of legislative authority:
“That the General Assembly can not surrender any portion of the legislative authority with which it is vested, or authorize its exercise by any other person or body, is a proposition too clear for argument. But while this is so plain as to be admitted, we think it equally undeniable that the complete exercise of legislative power by the General Assembly does not necessarily require the act to so apply its provisions to the subject matter, as to compel their employment without the intervening assent of other persons, or to prevent their taking effect only upon the performance of conditions expressed in the law.
“The true distinction, therefore, is between the delegation of power to make the law, which necessarily involves a discretion .as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law." The first can not be done; to the latter no valid objection can be made” (1 O. S., pages 87 and 88).
In accordance with this principle, the Supreme Court upheld a law which was to become operative in a township only upon a majority vote of the electors in that township (46 O. S., page 607).
The law in question in the case at bar applies to all residence territory in the state, as therein defined; but it gives to the *575 forty per cent, of the electors in a district the power to determine some fact or state of things upon which the law makes, or-intends to make, its own action depend, to-wit, the territory (under the general restrictions of the act, as to size, character- and boundaries) in which the law shall become operative or be-executed. That, in my judgment, is not necessarily a legislative act on the part of said forty per cent, of the voters. It is no objection that such forty per cent, is less than a majority (194 U. S., 445; 46 O. S., 607).
But it is said that the Legislature itself has no constitutional authority to enact that the law should operate in any single-territory smaller than a ward of a city; much less has it authority to permit forty per cent, of the voters, in a territory smaller than a ward, to determine that the law shall be operated, or executed therein.
There are a number of penal statutes 'in this state, which, apply to territory smaller than a ward, and where the location of the territory is made to depend upon some act done by a. few people. Thus Section 6945 of the Revised Statutes of Ohio makes it unlawful to sell liquor within a certain distance of a celebration or reunion of the Grand Army, Sons of Veterans’ or Union of Veterans. And Section '6946 makes it unlawful to sell liquor within a certain distance of the place where any agricultural fair is being held. A fair ground may be located at any point the association desires, and may be changed each year, and yet the prohibited territory would continue to follow the change. Such change of territory would not be made by the Legislature, nor by a majority of the electors in a territory, but. by a few persons. The Supreme Court of Ohio has held that, this Section (6946) “is not in conflict with any provision of' the Constitution, and is a valid law” (44 O. S., page 536). This decision was made when the law applied to regular dealers, and prohibited them from selling at their regular places of business, if said places were within two miles of the place where such fair was being held.
This is certainly decisive of the authority of the Legislature to make a law operative in a single territory, smaller than a ward of a city, for only a small portion of a single ward of a city may come within the provisions of said section.
Voris, Vaughn & Vaughn and Charles H. Islel, for the plaintiff.
Rogers, Rowley, Bradley & Rockwell, for the defendants.
It is argued that Section 6946 names the exact distance from the place where such fair is being held, within which the sale Of liquor is prohibited, and it thereby fixes the boundaries of the prohibited territory, and that, therefore, said section differs from the Brannock Law, and that the above decision of the Supreme Court is not decisive of the question made in the case at bar. But it seems to me that the principle is the same; the Brannock Law fixes general boundaries, limits the territory by the number of electors therein, and by the character of the territory. What is the difference between permitting a certain per cent, of the electors in a territory, in a certain part of a municipal corporation, to fix the territory in which the law shall operate, and permitting a few persons by the arbitrary location or change of fair grounds, to determine in what portion' of a ward the law shall operate ? The fixing of the territory is not final in either ease; under Section 6946 the prohibition continues during the time the fair is being held at that certain place, and under the Brannock Law the prohibition is limited to two years’ time.
My judgment, therefore, is that said Supreme Court decision is decisive of the question in the case at bar, as to the fixing of the territory by forty per cent, of the electors therein, in which the Brannock Law shall operate, and that said law in that particular does not violate Section 1 of Article II of the Constitution, and is not unconstitutional.
The other reasons, urged by plaintiff, why this court should hold the law unconstitutional have all been passed upon by at least five common pleas judges and one circuit court, and the law has been upheld in every instance, and a case is now pending in the Supreme Court involving all of these questions.
I consider the decision of the circuit court binding on this court, and plaintiff’s petition will, therefore, be dismissed at his costs.