# UNITED STATES

## *v.*

# ARMANDO BENITEZ ESPINOSA.

---

Ponce, Criminal, No. 81.

1. For a defendant in a criminal case to apply for a dedimus potestatem under § 866 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 663), to secure the deposition of a witness living a foreign country, in his favor, is, to say the least, a novel proceeding, because the general belief appears to be that that section only applies to civil cases and to the chancery side of the court.

2. *Quære* and not decided: Whether, even if the commission is issued and the deposition taken, it would, as matter of law, be admissible on the trial?

Opinion filed November 17, 1909.

---

*Mr. J. R. F. Savage,* United States attorney, for the government.

*Mr. H. P. Leake,* attorney for the defendant.

United States v. Espinosa.

RODEY, Judge, delivered the following opinion:

This matter is before us on a motion of the defendant for a dedimus potestatem to take the deposition of a witness residing in the Republic of Santo Domingo, to be used at the trial. He claims the right to have this commission issue under § 866 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 663). He sets forth in his affidavit that accompanies the motion, the reason why it is necessary that the motion should be granted, and states that he is too poor to pay the expenses of bringing the witness here, and that he is practically without defense unless his motion is granted and the commission is permitted to issue.

The proposition appeared so novel when presented as that we listened with keen curiosity to counsel in his argument on the application. It had never occurred to us that § 866 of the Revised Statutes of the United States had any reference to a criminal case. Counsel, in his argument, cites us to two cases which he says are the only ones he can find where this same sort of an application was made. They are the cases of United States v. Wilder, 4 Woods, 475, 14 Fed. 393, and United States v. Cameron, 5 McCrary, 93, 15 Fed. 794. We have also examined the case of West v. Louisiana, 194 U. S. 258, 48 L. ed. 965, 24 Sup. Ct. Rep. 650, which holds that if such a deposition should be introduced against a defendant in a state court on his trial, such action would not deprive him of any right granted him under United States law, because the same is not a Federal question.

Of course, as the case at bar is strictly a Federal prosecution against the defendant for the alleged importation of lottery

tickets, the Constitution of the United States is applicable; but, as will be seen, it is the defendant himself who asks that the commission to take this deposition shall issue. In the Wilder Case, supra, the court allowed the commission to issue, but there is nothing in the case to indicate whether it was permitted to be read on the trial. In the Cameron Case it seems to be squarely held that a defendant has a right, under the section in question, to have his commission granted.

On the whole, we feel, on the showing made, that we ought to grant the motion and let the commission issue; but we reserve the right to refuse to permit it to be read at the trial should we, by such time, be advised that it would be error to do so. Let the commission issue.