(103 So. 534)

No 27015.

## STATE v. SMITH.

(March 2, 1925. Rehearing Denied March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information ⬧91(3)—Indictment for murder held sufficient.**

An indictment for murder, charging that defendant "willfully, feloniously, and of her malice aforethought did kill, and murder," etc., *held* to sufficiently comply with Rev. St. § 1048; the placing of the word "willfully" before the word "feloniously," instead of after it, being immaterial.

2. **Indictment and information ⬧56 — Sixth Amendment to United States Constitution applicable exclusively to powers exercised by government of United States.**

The Sixth Amendment to the United States Constitution imposes no limitation upon powers of states, but is applicable exclusively to powers exercised by government of United States.

3. **Indictment and information ⬧110(17)— Indictment for murder complying with statute held to meet requirements of Constitution.**

An indictment for murder, which conformed to requirements of Rev. St. § 1048, is not violative of Const. art. 1, § 10, requiring that in all criminal prosecutions accused must be informed of nature and cause of accusation against him, since requirements of statute meet requirements of Constitution.

4. **Indictment and information ⬧7—Grand jury returning indictment within seven months after it was impaneled held not functus officio.**

Where minutes of court showed that grand jury which returned indictment was impaneled on April 14th and returned bill on October 23d of the same year, and did not show that any other grand jury was impaneled in the meantime, *held* that, under Const. art. 7, § 42, and Act No. 23 of 1908, grand jury was not functus officio, as bill was returned within seven months after jury was impaneled.

5. **Grand jury ⬧13—Minutes held to show that persons reporting as grand jurors were in fact grand jurors.**

Where court ordered grand jury to reassemble, and minutes did not show who where present, but did show that the 10 who were present were grand jurors, *held* that motion in arrest of judgment on ground that minutes did not show whether persons who reported for duty as grand jurors were in fact grand jurors was properly overruled.

6. **Grand jury ⬧3—Court may order 10 grand jurors to discharge duties of grand jury.**

Where grand jury that had been impaneled was reassembled and only 10 of them answered for duty, under Const. art. 7, § 42, a quorum was present, and court could send such 10 to the grand jury room to discharge duties and, if foreman was not present, may appoint foreman pro tempore as provided by Act No. 155 of 1906.

7. **Criminal law ⬧321—Presumed that foreman of grand jury present, where court appointed no foreman pro tempore.**

Where minutes show that court sent 10 members of grand jury who were present to their room to discharge duties, without appointing a foreman pro tempore, presumption is that foreman was one of 10 members present.

8. **Grand jury ⬧13—Whether foreman present when grand jury reassembled immaterial when all members present, including foreman, when indictment returned.**

Question whether foreman of grand jury was present, or not, when members sent to

their room to discharge their duties, is immaterial, where minutes disclose that when grand jury returned indictment all members were present, including foreman, and fact that only 10 members were present when jury convened is also immaterial.

**9. Grand jury ⊙⇒23—Failure to charge absent members of grand jury before they joined fellow members held not to affect validity of bill returned.**

The fact that two absent members of grand jury did not receive same charge that others received before joining their fellow members did not affect competency of grand jury, or validity of bill returned by it.

**10. Constitutional law ⊙⇒265—Indictment for murder, failing to charge manner in which or means by which death caused, held not violative of due process clause.**

Contention that defendant was convicted without due process of law in violation of Const. U. S. Amend. 14, because indictment for murder, which complied with Rev. St. § 1048, did not charge manner in which, or means by which, death of deceased was caused, *held* without merit.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Mattie Smith was convicted of manslaughter and she appeals. Affirmed.

Alpha, Fisher & Pegues, of Shreveport, for appellant.

Percy T. Ogden, Asst. Atty. Gen. (Percy Saint, Atty. Gen., L. C. Blanchard, Dist. Atty., Aubrey M. Pyburn, Asst. Dist. Atty., and Barnette & Roberts, all of Shreveport, of counsel), for the State.

OVERTON, J. Mattie Smith was indicted for murder, and was convicted of manslaughter. Prior to sentence, she filed a motion in arrest of judgment. This motion was overruled, and she was then sentenced to the penitentiary for not less than five nor more than seven years.

The only bill reserved to the proceedings had is one taken to the overruling of the motion in arrest of judgment. That motion presents several grounds for relief. One of these grounds is:

"That the indictment brought in against defendant is illegal, because the charge drawn by the state therein violates the mandatory provisions of section 10 of article 1 of the Constitution of Louisiana; and also violates the mandatory provisions of amendment 6 of the Constitution of the United States, in the following particular:

"Because said indictment does not inform defendant, in the charge that it seeks to bring against her, 'of the nature and cause of the accusation,' as required by those two provisions of the law, with the legal result that no charge has been brought against defendant that could be legally enforced by prosecution."

The indictment charges that—

"Mattie Smith (the defendant herein) late of the parish of Caddo, on or about the 20th day of July, in the year of our Lord one thousand nine hundred and twenty-four, at and in the parish, district and state aforesaid, willfully, feloniously and of her malice aforethought did kill and murder Noah Taylor, contrary to the form of the statute of the state of Louisiana, in such case made and provided, and against the peace and dignity of the same."

Section 1048 of the Revised Statutes of 1870 provides that—

"In any indictment for murder or manslaughter, it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused; it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, willfully, and of his malice aforethought, kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter to charge that the defendant did feloniously kill and slay the deceased."

[1] The indictment in this case sufficiently conforms to the foregoing section of the Revised Statutes; the placing of the word "willfully," in the indictment, before the word "feloniously," instead of immediately after it, in charging the crime of murder, being of no moment. State v. Crenshaw, 32 La. Ann. 406. However, the objection to the indictment, which we have quoted above, implies that any statute which authorizes the charging of the crime of murder, as charged in this case, is unconstitutional. In fact, defendant, later in her motion, distinctly avers

that section 1048 of the Revised Statutes is violative of section 10 of article 1 of the Constitution of 1921, and of the Sixth Amendment to the Constitution of the United States, in that it authorizes the state to prosecute one for murder without informing him of the nature and cause of the accusation.

[2, 3] In so far as relates to the contention that section 1048 of the Revised Statutes is violative of the Sixth Amendment to the Constitution of the United States, it is sufficient to observe that the Sixth Amendment imposes no limitation upon the powers of the states, but is applicable exclusively to the powers exercised by the government of the United States. Eilenbecker v. Plymouth County, 134 U. S. 35, 10 S. Ct. 424, 33 L. Ed. 801; Ohio v. Dollison, 194 U. S. 447, 24 S. Ct. 703, 48 L. Ed. 1062; West v. Louisiana, 194 U. S. 264, 24 S. Ct. 650, 48 L. Ed. 965; Bolln v. Nebraska, 176 U. S. 87, 20 S. Ct. 287, 44 L. Ed. 382; Brown v. New Jersey, 175 U. S. 174, 20 S. Ct. 77, 44 L. Ed. 119. In so far as relates to the contention that the statute is violative of, and in conflict with, section 10 of article 1 of the Constitution of this state requiring that in all criminal prosecutions the accused must "be informed of the nature and cause of the accusation against him," the contention, in our view, is not well founded. The requirements of the statute meet the requirements of the Constitution. State v. Bartley, 34 La. Ann. 147; State v. Granville, 34 La. Ann. 1088.

[4] Defendant also alleges that judgment should be arrested in this case, because the grand jury that returned the indictment against her had ceased to exist before the indictment was returned, as more than six months intervened between the impaneling of the grand jury and the return of the indictment. Section 42 of article 7 of the Constitution of 1921 provides that—

"A grand jury of twelve, nine of whom shall constitute a quorum and must concur to find an indictment, shall be impaneled in each parish twice in each year, and shall remain in office until a succeeding grand jury shall have been impaneled, except in the parish of Cameron, in which at least one grand jury shall be impaneled each year.  *  *  *"

And Act 23 of 1908, passed under a similar article of the Constitution of 1898, provides:

"That the judges of the district courts, the parish of Orleans excepted, are hereby authorized and directed to fix the times at which grand juries shall be impaneled in the parishes composing their respective districts, provided that pursuant to article 117 of the Constitution there shall be impaneled a grand jury in each parish twice in each year to remain in office until a succeeding grand jury is impaneled; and provided further that no grand jury shall be impaneled for more than eight months, nor for less than four months; except in the parish of Cameron, in which at least one grand jury shall be impaneled in each year."

The minutes of court show that the grand jury was impaneled on April 14, 1924, and returned the bill on October 23 of the same year. The minutes do not show that any other grand jury was impaneled in the meantime. Hence, as each grand jury must serve until its successor is impaneled, it is clear that there is no ground for saying that the grand jury that returned the bill in this case was functus officio when it returned it, and especially is this so, when it is borne in mind that the bill was returned within seven months after the grand jury that returned it was impaneled.

[5-8] The motion in arrest of judgment sets forth one or two other grounds for consideration. These may be summed up as follows: It appears from the minutes of court that when the grand jury was impaneled it was composed of 12 members, including the foreman, as required by statute and by the Constitution. It also appears from the minutes of court that a little over six months after the grand jury was impaneled, the court ordered it to reassemble. On the day on which it was ordered to reassemble, the

minutes show that the grand jury appeared in court, and upon the roll being called, 10 members of the jury answered present, and were charged by the court and sent to their room to discharge their duties, but do not show what members were present or what members were absent. As the minutes do not show what members were present, defendant urges that she is unable to determine from the minutes whether the persons who reported for duty as grand jurors were in fact grand jurors. The answer, however, to this is simple, for while the minutes do not show who were present, they do show that the 10 who were present were grand jurors, and that is sufficient to call for the overruling of the motion in arrest, assuming that the question can be raised in such a motion. But defendant also urges that the court was without authority to send 10 members of a grand jury to the grand jury room to discharge the functions of a grand jury at the time of the reassembling of that body. In this, defendant is in error. While the Constitution requires that a grand jury, to consist of 12 members, shall be impaneled in each parish twice each year, still the Constitution clearly provides that 9 of the 12 shall constitute a quorum, and that the concurrence of 9 shall be sufficient for the finding of a true bill. Constitution of 1921, art. 7, § 42. See, also, State v. Griggsby, 117 La. 1046, 42 So. 497. It follows from this constitutional provision, we think, that, when a grand jury that has been impaneled is ordered reassembled, and only 10 of them answer for duty, a quorum being present, the court may send those 10 to the grand jury room to discharge the duties of a grand jury, assuming that the foreman is present, and if not present then that the court appoints a foreman pro tempore, as provided by Act 155 of 1906. But defendant urges that the minutes do not disclose that the foreman was present when the grand jury was reassembled and sent to work, or that a foreman pro tempore was appointed. While the minutes do not so disclose, yet we think that the presumption is, as the court sent the 10 members present to their room to discharge the duties of a grand jury, without appointing a foreman pro tempore, that the foreman was one of the 10 members present. However, the question as to whether or not the foreman was present when the grand jury was sent to work loses any importance it might have had, in view of the fact that the minutes disclose that when the grand jury returned the indictment all of its members were present, including the foreman, who, as appears from the bill, itself, indorsed it as a true bill; and, as the entire grand jury returned the bill, the fact that only 10 of its members were present when the jury was sent to work, likewise ceases to be of any importance.

[9] But defendant urges that the minutes show that the court charged the 10 members who were present when the grand jury reassembled, and that the minutes fail to disclose that the 2 who were absent were given the same charge before joining their fellow members. It is sufficient to say, however, that we are not of the opinion that the fact that the 2 absent members did not receive the same charge that the others received before joining their fellow members affected in any manner the competency of the grand jury, and hence the validity of the bill returned by it. It was not necessary that the absent members should have been charged by the court before joining their fellow members.

[10] Defendant also urges that, because of the alleged errors, considered by us above, she has been convicted without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. Her chief contention, in this respect, is that she has been convicted without due process of law, because the indictment against her

follows the statutory form in charging murder instead of the common law form; and hence does not charge the manner in which, or the means by which the death of the deceased was caused, but merely charges that she killed and murdered the deceased willfully, feloniously, and of her malice aforethought. We think it clear, however, that it is not essential to due process of law that the manner in which, or the means by which, the accused killed and murdered the deceased, be charged. What we have said in considering the remaining alleged errors sufficiently shows, we think, that defendant has had due process of law.

For the reasons assigned, the judgment appealed from is affirmed.