## GRAFFE v. UNITED STATES.
### No. 371.

Circuit Court of Appeals, Tenth Circuit.
April 23, 1931.

F. W. James, of Salt Lake City, Utah, for appellant.

Charles R. Hollingsworth, U. S. Atty., and George H. Lunt and Edgar C. Jensen, Asst. U. S. Attys., all of Salt Lake City, Utah.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

PER CURIAM.

On verdict appellant was adjudged guilty of transporting 300 gallons of whisky in an autotruck on and along a highway in Salt Lake county, Utah. On error assigned and specified he complains here: (1) That the court overruled his motion to suppress the evidence; and (2) overruled his motion to quash the indictment—both on the ground that all the incriminating evidence before the grand jury and that to be offered at the trial had been obtained by officers of the law in violation of appellant's rights guaranteed to him by the Constitution. Amendments 4 and 5, Constitution United States.

When the motion to quash came on, the appellant offered, and the court heard, the testimony of Roy Schweitzer, deputy sheriff for Salt Lake county. He testified: He re-ceived word (over telephone) that a truck

was coming down Parley's Canyon within a short time heavily loaded with whisky. He did not know the person speaking, but recognized the voice of a person who prior to this time had given him valuable information. He took Deputy Sheriff Fotis with him, and they drove immediately to Parley's Canyon. Shortly after their arrival there, a Studebaker truck, recognized by him as the same truck which he had previously seized with 300 gallons of whisky in it, drove by. The way the truck was riding indicated it was heavily loaded. He recognized the license as being the same it had on when he seized it before, and he and Fotis followed it for a short distance, and could easily see through an opening in the back of the truck ten-gallon kegs stacked high in the back of the truck, forced it to the side of the road, and stopped it. Appellant was alone in the truck. On looking in, the deputy sheriff saw it was loaded with thirty ten-gallon kegs of whisky. They did not have a search warrant. They arrested appellant and seized the truck. After they had gone about one and a half miles toward the county jail with appellant and the truck, they met Nelson, prohibition agent, and a deputy sheriff. Until then Nelson knew nothing of the information received by Schweitzer over the phone, or of the arrest and seizure. Nelson testified that when he got there Deputy Sheriff Fotis was in the truck with appellant, and it had been searched. He followed the truck to the county jail, where Schweitzer booked appellant, "Hold for United States Government." Nelson swore to the complaint charging appellant with the offense before the United States commissioner. This evidence and that of Fotis corroborating Schweitzer were offered on appellant's motion to suppress.

Obviously the learned District Judge was of the opinion on the facts stated either that the deputy sheriffs in making the arrest had probable cause to believe the offense was being committed in their presence or that the issues raised by the motions were immaterial, or both. We are not advised that the court erred in either or both conclusions. As to the first, it is sufficient to cite Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; as to the second, the constitutional protection invoked is not a limitation on the powers of the states and its officers. Ohio ex rel. v. Dollison, 194 U. S. 445, 24 S. Ct. 703, 48 L. Ed. 1062; Robinson v. United States (C. C. A.) 292 F. 683; Landwirth v. United States (C. C. A.) 299 F. 281; Elam v. United States (C. C. A.) 7 F.(2d) 887; Nunn v. United States (C. C. A.) 4 F.(2d) 380; Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520.

The judgment is affirmed. The appeal is without merit, and mandate may issue on entry of judgment here.