THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BASILIO FIGUEROA PÉREZ, Defendant and Appellant.

No. CR-67-200.    Decided May 6, 1968.

*Santos P. Amadeo* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant, Basilio Figueroa Pérez, was accused and convicted of a violation of the Bolita Act. He was sentenced to serve six months in jail.

■ On appeal he alleges that the sentence in this case is null and void; that § 4 of Act No. 220 of May 15, 1948 (Bolita Act—33 L.P.R.A. § 1250), which prohibits that trials for violation of the provisions of said act be heard by a jury, (1) is unconstitutional because it is repugnant to the Sixth Amendment of the Federal Constitution; (2) it is a bill of attainder, pursuant to the provisions of Article I, Section 9, paragraph 3 of the Constitution of the United States; and (3) it is unconstitutional because it violates the clauses of the due process of law and the equal protection of the laws of the Fifth Amendment to the Constitution of the United States.

We do not agree with him. We set forth below the grounds on which this conclusion is based.

The authorities cited by appellant in support of his first contention, and particularly *Reid* v. *Covert*, 354 U.S. 1 (1957), do not support it.

■ In *Figueroa* v. *The People of P.R.*, 232 F.2d 615, 620–621 (1st Cir. 1956) it was said that "Public Law 600 required that such local constitution [that of Puerto Rico] contain a bill of rights, but it did not require that the bill of rights so adopted by the people of Puerto Rico must contain a guaranty of jury trial." It added that the limited constitutional guaranty of jury trial provided for prosecutions in felony cases by § 11 of Art. II of the Puerto Rican Constitution is not the equivalent of the guaranty in the Federal Constitution (Sixth Amendment thereof) and that since the aforesaid constitution is not an act of Congress and the people of Puerto Rico were not required to include a provision for a jury trial in their bill of rights, the people of Puerto Rico are free to take this constitutional guaranty

out of the bill of rights through the amending process of their constitution, without leave or authorization of Congress.

Both in *West* v. *Louisiana,* 194 U.S. 258 (1904), and in *Palko* v. *Conn.,* 302 U.S. 319, 324, 325 (1937), it was held that the guaranty concerning jury trial contained in the Sixth Amendment to the Constitution of the United States is not applicable to the States and therefore the latter are free to amend or abolish jury trials altogether. It is only with respect to other guarantees contained in said Sixth Amendment that it has been ruled that they are applicable to the States. *Washington* v. *Texas,* 388 U.S. 14 (1967); *Klopfer* v. *North Carolina,* 386 U.S. 213 (1967); *Pointer* v. *Texas,* 380 U.S. 400 (1965); *Gideon* v. *Wainwright,* 372 U.S. 335 (1963).

Appellant himself admits that in *Balzac* v. *Puerto Rico,* 258 U.S. 298 (1922), it was decided that the Sixth Amendment to the Constitution of the United States did not extend *ex proprio vigore* to Puerto Rico. This limitation, as to the applicability or nonapplicability to Puerto Rico of the guarantees of certain rights contained in the Constitution of the United States, has been explained by reason of the change in the political status of Puerto Rico as a result of the process carried out pursuant to the provisions of Public Act No. 600. *R.C.A.* v. *Government of the Capital,* 91 P.R.R. 404, 413–415, 417–418 (1964). See concurrent opinion in *Rivera Escuté* v. *Delgado, Warden,* 92 P.R.R. 746, 770 (1965).

Section 4 of Act No. 220 aforecited is not a bill of attainder as argued by appellant in an accommodating manner, disregarding the true meaning, the scope, and the nature of that type of statute proscribed by our constitution. Art. II § 12.

■ The bill of attainder is a form used by the sovereign power to punish a named individual or ascertainable members of a group. *United States* v. *Lovett,* 328 U.S. 303 (1946). Another characteristic of such statute is that it denies the

right to a trial wherein the affected persons may obtain an adjudication of their rights. Obviously Act No. 220, approved for the purpose of putting an end to an evil which allows persons who live on the fringe of the law to exploit mercilessly the poorer classes and to squeeze substantial monetary profits from the most needy families in our community, abusing their good faith and their yearning for economic improvement (*People* v. *Mantilla*, 71 P.R.R. 35, 46 (1950)), does not contain any provision of the nature previously described. On the contrary, in *People* v. *Matías Castro*, 90 P.R.R. 515 (1964), we concluded that the aforesaid § 4 is constitutional.

In view of the foregoing, the judgment rendered in this case by the trial court on June 22, 1966, will be affirmed.

Mr. Justice Santana Becerra concurs in the result.