EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BASILIO FIGUEROA PÉREZ, acusado y apelante.

*Número:* CR-67-200 *Resuelto:* 6 de mayo de 1968

*Santos P. Amadeo,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Juan José Ríos Martínez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante, Basilio Figueroa Pérez, fue acusado y convicto de una infracción a la Ley de la Bolita. Se le impuso una pena de seis meses de cárcel.

■ En apelación apunta que la sentencia en este caso es nula e ineficaz; que la Sec. 4 de la Ley Núm. 220 de 11 de marzo de 1948 (Ley de la Bolita—33 L.P.R.A. sec. 1250) que prohibe que los juicios en los casos de infracciones a las disposiciones de dicha ley sean vistos por jurado, (1) es inconstitucional por estar en conflicto con la Enmienda Sexta de la Constitución Federal; (2) es un estatuto de proscripción (*bill of attainder*), de acuerdo con las disposiciones del Art. 1, Sec. 9, Inciso 3, de la Constitución de Estados Unidos; y (3) es inconstitucional por estar en conflicto con las cláusulas del debido proceso de ley y de la igual protección de las leyes de la Quinta Enmienda de la Constitución de los Estados Unidos.

No tiene razón. A continuación exponemos las razones que fundamentan esta conclusión.

Las autoridades citadas por el apelante en apoyo de su primer apuntamiento, y especialmente *Reid* v. *Covert,* 354 U.S. 1 (1957) no lo sostienen.

■ En *Figueroa* v. *The People of P.R.,* 232 F.2d 615, 620–621 (1st Cir. 1956), se dijo que "La Ley Pública Núm. 600 requirió que la Constitución local [la de Puerto Rico] contenga una carta de derechos pero no requirió que la carta de derechos así adoptada por el Pueblo de Puerto Rico debía contener una garantía de juicio por jurado." Añadió que la garantía constitucional limitada de juicio por jurado provista para procesos por delitos graves por el inciso 11 del Art. II de la Constitución de Puerto Rico no es equivalente a la garantía contenida en la Constitución Federal (Enmienda Sexta de la misma) y que como la referida consti-

8

tución no es una ley del Congreso y al Pueblo de Puerto
Rico no se le exigió que incluyera una disposición sobre juicio
por jurado en su carta de derechos, el Pueblo de Puerto Rico
puede eliminar la referida garantía de la carta de derechos
mediante el proceso de enmienda de su Constitución sin per-
miso o autorización del Congreso.

Tanto en *West* v. *Louisiana*, 194 U.S. 258 (1904), como
en *Palko* v. *Conn.*, 302 U.S. 319, 324, 325 (1937), se sostuvo
que la garantía respecto a juicio por jurado contenida en
la Enmienda Sexta de la Constitución de los Estados Unidos
no es extensiva a los Estados y por lo tanto éstos están libres
para enmendar o abolir en su totalidad los juicios por jurado.
Es sólo con respecto a otras garantías contenidas en dicha
Enmienda Sexta que se ha dictaminado que son aplicables
a los Estados. *Washington* v. *Texas*, 388 U.S. 14 (1967);
*Klopfer* v. *North Carolina*, 386 U.S. 213 (1967); *Pointer* v.
*Texas*, 380 U.S. 400 (1965); *Gideon* v. *Wainwright*, 372
U.S. 335 (1963).

El propio apelante admite que en *Balzac* v. *Puerto Rico*,
258 U.S. 298 (1922), se resolvió que la Enmienda Sexta de
la Constitución de los Estados Unidos no se extendía a Puerto
Rico *ex propio vigore*. Esta limitación, en cuanto a la apli-
cabilidad o no aplicabilidad a Puerto Rico de las garantías
contenidas en la Constitución de los Estados Unidos de deter-
minados derechos, se ha aclarado con motivo del cambio en
el status político de Puerto Rico como resultado del proceso
llevado a cabo de acuerdo con las disposiciones de la Ley
Pública Núm. 600. *R.C.A.* v. *Gobierno de la Capital*, 91
D.P.R. 416, 426–428, 430–431 (1964). Véase opinión concu-
rrente en *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R.
765, 789 (1965).

La Sec. 4ta. de la Ley Núm. 220 antes citada no es un
estatuto de proscripción como arguye el apelante, en forma
acomodaticia, haciendo caso omiso del verdadero significado,

del alcance y de la naturaleza de ese tipo de estatuto que nuestra Constitución proscribe. Inciso 12, Art. II.

 El estatuto de proscripción es una forma que utilizaba el poder soberano para castigar a una persona designada por su nombre o a miembros determinables de un grupo de personas. *United States* v. *Lovett*, 328 U.S. 303 (1946). Otra característica de tal estatuto es que niega el derecho a un juicio en que las personas afectadas puedan obtener una adjudicación de sus derechos. Obviamente la Ley Núm. 220, aprobada con el fin de poner fin a un mal que permite a personas que viven al margen de la ley explotar inmisericordiosamente al público de escasos recursos económicos y exprimir cuantiosos beneficios monetarios de las familias más necesitadas en nuestra comunidad, abusando de su buena fe y de sus ansias de mejoramiento económico, (*Pueblo* v. *Mantilla*, 71 D.P.R. 36, 49 (1950)), no contiene disposición alguna que sea de la naturaleza antes descrita. Por el contrario, en *Pueblo* v. *Matías Castro*, 90 D.P.R. 528 (1964), concluimos que la referida Sec. 4 es constitucional.

*En vista de lo expuesto, se confirmará la sentencia dictada en este caso por el tribunal de instancia en 22 de junio de 1966.*

El Juez Asociado Señor Santana Becerra concurre con el resultado.