DANAHY, Acting Chief Judge.
In each of these cases the state seeks a writ of certiorari quashing an order of the trial judge denying the state’s motion to quash subpoenas served on the state attorney and one of his assistants. In Case No. 85-1819 the order also grants the respondents’ motion to compel testimony from a police officer. Since the cases involve the same issue, we consolidate them for purposes of this disposition. We grant certio-rari in each case and quash the orders of the trial judge.
The respondents in these cases are defendants in criminal proceedings pending against them on drug trafficking charges in Criminal Justice Division B of the Circuit Court for Hillsborough County. They represented to the trial judge that they had reason to believe that the assistant state attorney assigned to that division had adopted a policy of never filing, in any case, a motion pursuant to section 893.-135(3), Florida Statutes (1983). That statute authorizes the state attorney to move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of a trafficking statute and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals. The respondents argued to the trial judge that if this policy was being followed in his division, the respondents were denied equal protection of the laws in that they were arbitrarily denied the benefits of the substantial assistance statute, whereas defendants in other criminal divisions of the circuit court would at least have the opportunity for favorable action by the state attorney pursuant to section 893.135(3).
The respondents caused subpoenas to be issued to the state attorney and the assistant state attorney assigned to Criminal Justice Division B (and in Case No. 85-1819 sought to compel deposition testimony from a police officer) for the asserted purpose of attempting to establish that the alleged policy was in fact being followed in Criminal Justice Division B. The state filed motions to quash, citing the rule that a state attorney and his assistants should not be subjected to depositions which interfere with the functions of their official positions. The trial judge entered orders denying the motions in which he stated that although a convicted defendant has no right bestowed upon him by section 893.-135(3) and the state attorney may selectively administer or utilize his authority under the statute, nevertheless the state attorney may not violate a defendant’s constitutional right to equal protection of the laws in applying section 893.135(3). The trial judge expressed his opinion that if the state attorney had by self-established policy, or by policy established by one of his assistants, created a situation which grants to certain defendants an advantage in sentencing that is not offered to other defendants, the state attorney may well violate certain defendants’ constitutional rights to equal protection under the law. The trial judge expressed his feeling that whether or not such a situation existed in his division was of great importance to him.
*662 We agree with the trial judge that a constitutional issue of equal protection under the laws may arise if an assistant state attorney assigned to a particular criminal justice division of the circuit court followed the practice of never filing, under any circumstances, a motion pursuant to section 893.135(3). The state argues that the discretion granted the state attorney under section .893.135(3) is absolute. However, both our supreme court and this court have recognized the possibility of abuse of that discretion. State v. Werner, 402 So.2d 386 (Fla.1981) (“absent a clear constitutional violation in a particular factual context ...”); State v. Bateman, 423 So.2d 577 (Fla. 2d DCA 1982) (“appellee ... does not point to any action or inaction on the state attorney’s part which amounted to ‘overreaching’ or ‘abuse’ ”). We also agree that whether the described policy exists would be a matter of great importance to the trial judge of that division. Nevertheless, we are obliged to hold in these cases that the respondents may not raise the issue at this time.
The respondents have not alleged that they have provided any substantial assistance pursuant to section 893.135(3) and that the state attorney has declined to file a motion on their behalf pursuant to that section. Thus the respondents have failed to show that they have received any injury by reason of the alleged policy followed in Criminal Justice Division B. One may not raise a constitutional issue unless and until that person suffers an injury by reason of the alleged constitutional violation. Ohio ex rel. Lloyd v. Dollison, 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062 (1904); State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947); Steele v. Freel, 157 Fla. 223, 25 So.2d 501 (1946).
For the foregoing reasons, we grant the state’s petitions for certiorari and quash the orders under review.
SCHOONOVER and LEHAN, JJ., concur.