## MANNING V. HAAS.

1.  In pleading under the Code, facts should be stated with certainty.
2.  The execution of a note is a traversable fact, and it is a rule of pleading that it is necessary to state a time when every material or traversable fact happened.
2.  Under the Code the objection for uncertainty is raised by demurrer.

*Appeal from District Court of Arapahoe County.*

ACTION on a promissory note made by Haas, the appellee, to Spencer, and indorsed to Manning. In the district court Haas interposed a demurrer to the plaintiff's complaint, and for cause alleged that the complaint did not state facts sufficient to constitute a cause of action, in that it failed "to state the date of the note sued upon," and because the complaint was otherwise "uncertain, unintelligible and indefinite."

Messrs. STALLCUP & LUTHE, for appellant.

Mr. J. F. WELBORN, for appellee.

ELBERT, J. The objection taken to the complaint by the demurrer in this case, is that "it fails to state the date of the note sued upon." The allegation of the time when a contract was entered into is always essential to a definite description, and may be necessary to show a present right of action.

The execution of a note is a traversable fact, and it is a rule of pleading that it is necessary to state a time when every material or traversable fact happened. Again, it is a rule of pleading that facts should be stated with certainty; and under this head Mr. Bliss, in his work on Code Pleadings, says: * * * "There can be no definite description of any event without some reference to the time of its occurrence; and in time contracts, no liability could be shown unless the date of the contract were given. Ordinarily, the omission of an alle-

gation in regard to time would be a defect of form—a want of definiteness and certainty in description, to be corrected by motion; but in the case last supposed, when an obligation falls due a certain period after it was entered into, unless it was shown when the contract was made, the pleading would be demurrable, as not showing a liability. * * * The rules in regard to time, as enforced in common law and Code pleading, are substantially the same, although, so far as the allegation was merely formal, it may be omitted. Thus it was necessary to give time and place in stating every traversable fact, and hence we find running through the pleading and accompanying every allegation, the 'on,' &c., and 'at,' &c., or the 'then and there.' This formality is no longer respected, and the time should be given or be repeated only as necessary to a clear understanding of the facts." Sec. 296. Under our Code the objection for uncertainty is raised by demurrer. Sec. 51.

The court below properly sustained the demurrer, and the judgment is affirmed.

*Judgment affirmed.*