## CRONIN *v.* ADAMS.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 100.    Argued December 16, 1903.—Decided January 4, 1904.

The right to sell liquor by retail depends upon the law of the State which may affix conditions in granting the right, and one who accepts a license under the state law, or a municipal ordinance authorized thereby, is not deprived of his property or liberty without due process of law, within the meaning of the Federal Constitution, by reason of conditions or prohibitions in the ordinance as to the sale of liquor in places where women are employed or permitted to enter.

THE facts are stated in the opinion.

*Mr. Milton Smith* for plaintiff in error:

This ordinance is unreasonable, arbitrary, partial and oppressive; the power, however, to adopt it was expressly conferred by the general assembly upon the city council of the city of Denver by clause 5 of sub. 12, sec. 20, of the charter. But this charter provision is void—and hence the ordinance adopted in pursuance of its grant—because it violates the Fourteenth Amendment of the Constitution of the United States and also violates the constitution of Colorado, art. II, §§ 3, 25; chap. 27 Laws of Colorado; Civil Rights, § 427, p. 575; Mills' Ann. Stat.

For judgments recovered under civil rights acts, see *Baylies*

v. *Curry*, 128 Illinois, 287; *Railroad Co.* v. *Brown*, 17 Wall. 445. Municipal by-laws must not conflict with the general law. Sedgwick on Construction of Statutes, p. 400; *Davis* v. *Mayor*, 1 Duer, 451.

As the ordinance is contrary to sec. 427 of the statute, in denying to a large class of citizens equal access and enjoyment to places of public resort and amusement it is void. *New Orleans* v. *Phillipi*, 9 La. Ann. 44; *Siloam Springs* v. *Thompson*, 41 Arkansas, 461; *Haywood* v. *The Mayor*, 12 Georgia, 405.

The ordinance is a legislative promulgation to the effect that the selling of wines, etc., was prejudicial to the welfare and morals of a community, was in fact a nuisance, and it is sought to be abated by abridging the liberty of all women, and by curtailing the profits, taking the property without process of law of numerous business men engaged in the retail sale of liquors. A municipal body cannot by ordinance or enactment declare any particular thing a nuisance which has not theretofore been pronounced to be such by law or so adjudged by judicial determination. *Yates* v. *Milwaukee*, 10 Wall. 504; Wood on Nuisances, note 1, p. 977; Dillon on Mun. Corp. §§ 315, 316, 322; *Mayor* v. *Winfield*, 8 Humph. 707.

The ordinance is not void solely because it is unjust, partial and oppressive, and because it violates natural, social and political rights of our citizens, but because it prohibits rights and privileges, and takes away property rights guaranteed and protected by the Constitution and laws of the State and of the nation. *People* v. *Morris*, 13 Wend. 325.

For definition of liberty and property, see *Munn* v. *Illinois*, 94 U. S. 142.

The police power in its broadest acceptation means the general power of the government to preserve and promote the public welfare, even at the expense of private rights. *New Orleans Gas Light Co.* v. *Hart*, 40 La. Ann. 474; 4 Blackstone's Com., 162; *Commonwealth* v. *Alger*, 7 Cush. 84; *Stone* v. *Mississippi*, 101 U. S. 814.

Generally speaking, it may be said that the police power is

exercised by the legislative department of the government; that it is limited by constitutional provisions in the United States, and other fundamental law; that it can only be exercised within given rules, and for the public good; that rights guaranteed by the Constitution cannot be violated; that if it is obnoxious to vested rights and unreasonable, the courts will declare the law void; that it must be exercised so that all are affected by it, and not one class favored and another class imposed upon. Tiedeman's Limitations of Police Power, § 2; 18 Am. & Eng. Ency. 760; *Mugler* v. *Kansas City*, 123 U. S. 623; *Toledo, etc., R. Co.* v. *Jacksonville*, 67 Illinois, 37; *People* v. *Gillson*, 109 N. Y. 389; 1 Dillon's Mun. Corp. 142; Cooley's Const. Lim. (6th ed.) chap. 16; *Platt &c. Co.* v. *Lee*, 2 Colo. App. 184; *Platt &c. Co.* v. *Dowell*, 17 Colorado, 376; *United States* v. *Cruikshank*, 92 U. S. 542; *Louisville &c. R. R. Co.* v. *State*, 66 Mississippi, 662, aff'd 133 U. S. 587. The word person as used in the Constitution of the United States and of Colorado refers to men and women. A woman has the same rights as a man. *In re Mary McGuire*, 57 California, 604. As to what is "the law of the land," see *Dartmouth College* v. *Woodward*, 4 Wheat. 519; Works of Webster, vol. 5, p. 487; Cooley's Const. Lim. 431, citing on p. 705, *Commonwealth* v. *Alger, supra; Bank* v. *Okely*, 4 Wheat. 235, 244. Police power of the States is limited by the Fourteenth Amendment. *G. C. & St. F.* v. *Ellis*, 165 U. S. 160; *In re Morgan*, 26 Colorado, 415.

A classification of the ordinance which allows a man to go into saloons and prohibits women from being present there is invalid. *State* v. *Loomis*, 115 Missouri, 307, 314; *Vanzant* v. *Waddell*, 2 Yerger, 260, 270; *Dibrell* v. *Morris Heirs*, 15 S. W. Rep. 87, 95; *Bell's Gap R. R.* v. *Pennsylvania*, 134 U. S. 232.

The question of morality, which the Supreme Court of Colorado claims justifies the ordinance, is not involved as it nowhere appears that the ordinance is based upon any such question; and neither that court nor this can assume that the question of morals had anything to do with the passage of the ordinance. The case was decided practically upon the pleadings. No

testimony was offered as to the effect of the presence of women in the saloons, and there is nothing in the record upon which to base a claim that evil effects follow from the mere presence of women in saloons, and if such evil effects do result they can be done away with by legislation which will act equally and uniformly upon all classes of persons.

*Mr. Charles L. Brock*, with whom *Mr. Henry A. Lindsley* and *Mr. Halsted L. Ritter* were on the brief, for defendants in error:

The laws in question have been sustained by the Supreme Court of the State of Colorado, and this effectually answers any argument which counsel may make, based upon any alleged infringement of the state laws or state constitution.

This doctrine requires neither argument nor citation of authority.

The charter provision and the ordinance in question are a valid exercise of the police power of the State of Colorado and are not obnoxious to any Federal limitation. *Boston Beer Co.* v. *Mass.,* 97 U. S. 25; *Stone* v. *State of Miss.,* 101 U. S. 814; *New Orleans Gas Light Co.* v. *La. Light & Heat Producing & Mfg. Co.,* 115 U. S. 650; *Barbier* v. *Connelly,* 113 U. S. 27; *Austin* v. *State of Tenn.,* 179 U. S. 343; *Holden* v. *Hardy,* 169 U. S. 366; *L'Hote* v. *City of New Orleans,* 177 U. S. 588; *L. & N. R. R. Co.* v. *Kentucky,* 161 U. S. 677; *Camfield* v. *United States,* 167 U. S. 518; Black on Intoxicating Liquors, §§ 26, 37, 39, 42; *Schwuchow* v. *City of Chicago,* 68 Illinois, 444; *Giozza* v. *Tiernan,* 148 U. S. 655; *Bartemeyer* v. *Iowa,* 18 Wall. 129; *License Cases,* 5 How. 504; *Mugler* v. *Kansas,* 123 U. S. 623; *Crowley* v. *Christensen,* 137 U. S. 86; *State* v. *Luddington,* 33 Wisconsin, 107; *Denver* v. *Domedian,* 15 Colo. App. 36; *Foster* v. *Police Commissioners,* 102 California, 491; *Ex parte Hays,* 98 California, 556; *Bergman* v. *Cleveland,* 39 Ohio St. 651; *Blair* v. *Kilpatrick,* 40 Indiana, 312; *State* v. *Reynolds,* 14 Montana, 383; *State* v. *Considine,* 16 Washington, 358; *In re Considine,* 83 Fed. Rep. 157.

These cases show that the State, in its own discretion, may wipe the liquor traffic out entirely, within its boundaries, by prohibiting its sale to all, or that it may lessen the evil by designating those most likely to be injured by its use and prohibiting its sale to them.

The alleged discrimination against women, by said laws, is not a question that can be raised by the plaintiff.

If there is a discrimination of which the courts can take cognizance, this may be done only upon the complaint of a woman who has been affected thereby. It is a strange sort of incongruity for a saloon keeper, who is manifestly moved by greed and cupidity, to appear in a court of conscience under the guise of defending the rights of woman, when he shows that his real purpose is to do all in his power to debauch and debase her. Before a person can have any standing in court to test the validity of a statute on account of an alleged unlawful discrimination, he must show that he is the person against whom the discrimination is made. *Wagner* v. *The Town of Garrett*, 118 Indiana, 114; *Commonwealth* v. *Wright*, 79 Kentucky, 22; *Marshall* v. *Donovan*, 10 Bush, 681; *Smith* v. *McCarty*, 56 Pa. St. 359.

Mr. Justice McKenna delivered the opinion of the court.

This suit was brought by the plaintiff in error against the defendants in error, who were officers of the city of Denver, to restrain them from enforcing an ordinance of the city on the ground that the ordinance was "contrary to the provision of the constitution of the State of Colorado and amendments thereto, and contrary to the provisions of the Constitution of the United States," and "contrary to the laws of the State of Colorado, guaranteeing civil rights to all persons, and contrary to other statutes of the State of Colorado."

A preliminary injunction was allowed. It was made perpetual upon hearing by decree of the court. The decree was reversed by the Supreme Court of the State, and this writ of error was then sued out.

Sections 745 and 746 of article 15 of the ordinance of Denver, which are complained of and attacked, are as follows:

"SEC. 745. Each and every liquor saloon, dram shop or tippling house keeper, . . . who shall have or keep, in connection with or as part of such liquor saloon, dram shop or tippling house, any wine room or other place, either with or without door or doors, curtain or curtains, or screen of any kind, into which any female person shall be permitted to enter from the outside, or from such liquor saloon, dram shop or tippling house, and there be supplied with any kind of liquor whatsoever, shall, upon conviction, be fined as hereinafter provided.

"SEC. 746. No person . . . having charge or control of any liquor saloon or place where intoxicating or malt liquors are sold or given away, or any place adjacent thereto, or connected therewith in any manner whatsoever, either by doors or otherwise, shall suffer or permit any female person to be or remain in such liquor saloon, dram shop, tippling house or other place where intoxicating or malt liquors are sold or given away, for the purpose of there being supplied with any kind of liquor whatsoever. No person owning or having charge or control of any liquor saloon, dram shop or tippling house shall employ or procure, or cause to be employed or procured, any female person to wait or in any manner attend on any person in any dram shop, tippling house or liquor saloon, or in any place adjacent thereto or connected therewith, where intoxicating or malt liquors are sold or given away, nor shall any female person be or remain in any dram shop, tippling house, liquor saloon or place adjacent thereto or connected therewith, and wait or attend on any person, or solicit drinks in any such place."

The Supreme Court held that those sections did not violate the constitution of the State, and that they were authorized by the statutes of the State, and sustained the validity of the ordinance against the contention that it violated the Constitution of the United States, on the ground that it was enacted

in the exercise of the police power of the State. Declaring the laws of the State in regard to liquor selling, the court said:

"Under the license laws of this State no one may engage in the business of selling liquor without a license. He has no absolute right to sell at all. It is only a privilege he gets when a license is granted. The city of Denver, under its charter, has the exclusive power to prohibit, restrain, tax and regulate the sale of intoxicating liquors. It may exercise that power to prohibit the sale altogether; or, if it see fit, it may regulate the sale and impose such conditions as it deems necessary. Under these license laws, one may not engage in the liquor traffic as of common right, but may do so only upon compliance with prescribed regulations, and if he applies for a license under which only he may lawfully sell, he is held to take that license with whatever restrictions or limitations are imposed by the authority which, and which only, can give him the coveted privilege. One of the conditions which the charter of Denver requires to be inserted in every liquor license is the one of which plaintiff complains."

This, the court decided, disposed of the complaint of plaintiff in error. In other words, that the restrictions of the ordinance were conditions of his license, and by accepting the license he accepted the conditions, and no rights of his were infringed. "The traffic in it (liquor) is unlawful without a license, and it may be prohibited in Denver," was the unequivocal declaration of the court.

What cause of action, then, has plaintiff in error? He is not a female nor delegated to champion any grievance females may have under the ordinance, if they have any. The right to sell liquor by retail to anybody depends upon the laws of the State, and they have affixed to that right the condition expressed in the ordinance. But even if plaintiff in error were not in such situation he cannot resist the ordinance. We said in *Crowley* v. *Christensen*, 137 U. S. 86:

"The sale of such liquors in this way (by retail) has therefore been at all times, by the courts of every State, considered

as the proper subject of legislative regulation. Not only may a license be exacted from the keeper of the saloon before a glass of his liquors can be thus disposed of, but restrictions may be imposed as to the class of persons to whom they may be sold, and the hours of the day and the days of the week on which the saloons may be opened. Their sale in that form may be absolutely prohibited. It is a question of public expediency and public morality, and not of Federal law. The police power of the State is fully competent to regulate the business—to mitigate its evils or to suppress it entirely. There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the State or of a citizen of the United States."

*Judgment affirmed.*