## No. 8837.

### CITY OF DELTA v. CHARLESWORTH ET AL.

1. MUNICIPAL CORPORATION—*Ordinance—Presumptions.* An ordinance within the powers granted to the municipality is presumed to be reasonable, unless the contrary appears upon its face.

2. —— *Reasonableness of Ordinance.* An ordinance enumerating many places where men usually assemble or pass, provided that no person "shall drink" certain designated intoxicating liquors, while in any of these places "unless the person occupying the building be duly licensed by the city to sell, etc." held that the manifest purpose of the ordinance is to prevent the drinking of intoxicating liquors in public view, and particularly of children and youth, and thus improve the public morals; that including all of the places of the classes designated, it is therefore authorized by Rev. Stat. sec. 6669.

3. STATUTES—*Construed.* A statute conferred upon towns and cities power "to license, regulate or prohibit, the sale or giving away of intoxicating liquors." Held not to exclude the adoption of an ordinance prohibiting the drinking of all such liquors in public places.

4. MAXIMS—*Expressio—Unius, Exclusio, Alterius,* is in no sense an unalterable rule.

5. CONSTITUTIONAL LAW—*Municipal Powers.* Nothing in Article XXII nor the prohibitory act of 1911 withdraws from towns and cities the powers granted by Rev. Stat. sec. 6669.

THE question to be determined is the validity of a part of an ordinance of the City of Delta. The portion involved reads:

*Error to Delta County Court, Hon. W. M. Dingman, Judge.*

Mr. H. J. BAIRD, for plaintiff in error.

Mr. R. M. LOGAN and Mr. MILLARD FAIRLAMB, for defendants in Error.

Chief Justice Hill delivered the opinion of the court:

"No person shall drink any malt, vinous, spirituous or other intoxicating liquors, while in any business house, store building, restaurant, hotel, livery stable, billiard hall, pool room, bowling alley, or within any street or alley, within the City of Delta, * * * unless the person occupying the building, shall be duly licensed by the City of Delta to sell intoxicating liquors."

The complaints filed in the police court charged the defendants in error with drinking such liquors in a business house, store building, billiard hall, and pool room, in said city. Upon appeal to the County Court, the cases were consolidated for trial. The defendants objected to the introduction of the ordinance in evidence for the alleged reason that it is contrary to the provisions of the Constitution of the United States, that it is in violation of sections 3 and 4 of Article II of our Constitution; that it is in conflict with and contradictory to Article XXII of our Constitution concerning the sale, traffic or giving away of intoxicating liquors and that it is unreasonable, discriminatory and oppressive, and for these reasons not within the police power, hence void. The objection was sustained and the actions dismissed.

The city brings the case here for review and relies upon general section 6669, Rev. Stats., 1908, as its authority to pass the ordinance. It reads:

"Municipal corporations shall have power to make and publish, from time to time, ordinances not inconsistent with the laws of the state, for carrying into effect or discharging the powers and duties conferred by this act, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of

such corporation and the inhabitants thereof, and to enforce obedience to such ordinances by fine not exceeding three hundred dollars, or by imprisonment not exceeding ninety days."

It is earnestly urged that the ordinance is unreasonable, oppressive and discriminatory, also that it is not drafted so as to effect any object within the proper scope of legislation. To sustain these contentions, counsel point out that it makes no difference under the ordinance, whether the act was done in public or private; whether the building within which drinking took place was closed to the public or open; whether done by day or at night; whether for medicinal or sacramental purposes, or as a beverage; that the character of the use is immaterial; that the presence or absence of other persons is immaterial; that the manner of use is immaterial; that there is no reason for discriminating against a person who has a right to take a drink of intoxicating liquors, by prohibiting him from exercising such right within a store building, yet allowing him to step outside the door, and take it on the vacant part of the lot; that while he may take a drink by stepping one foot off the street onto a vacant lot, he is prohibited from taking it while on the sidewalk, or in the business street; that these absurdities disclosed by this ordinance prohibiting a man from drinking at certain places, and not prohibiting it in others, could be multiplied almost *ad infinitum.*

The general rule is that the unreasonableness of an ordinance must be determined from the ordinance itself. The burden is on the defendants to establish that upon its face the ordinance is unreasonable.

In Vol. 2 Dillon on Municipal Corporations (5th ed.), section 591, the author says:

"But the power of the court to declare an ordinance void because it is unreasonable is one which must be carefully exercised. When the ordinance is within the grant of power conferred upon the municipality, the presumption

is that it is reasonable, unless its unreasonable character appears upon its face."

In *Schmidinger v. Chicago*, 226 U. S. 578, it is said:

"This court has frequently affirmed that the local authorities entrusted with the regulation of such matters and not the courts are primarily the judges of the necessities of local situations calling for such legislation, and the courts may only interfere with the laws or ordinances passed in pursuance of the police power where they are so arbitrary as to be palpably and unmistakably in excess of any reasonable exercise of the authority conferred."

In discussing the unreasonableness of this ordinance, counsel assume that it was enacted in favor, as they say, "of the so-called temperance movement." The ordinance does not so indicate, but to the contrary discloses that it was enacted at a time when the sale of liquor was regulated by license, and was only intended to prohibit its being drunk in certain places with a view, evidently, of having no unnecessary notoriety attached to its consumption; also, to prevent children and young people and even others from witnessing such scenes in such public places, and thereby improve the morals, order, comfort and convenience of the inhabitants of the city. This, the statute says, they may do. Whether this ordinance has accomplished all that was expected, we, of course, do not know, but are of opinion that it was an effort along the lines authorized by section 6669, *supra*, if not sufficient in this respect and there is public drinking upon vacant lots adjacent to public buildings, as indicated, which it does not prohibit, it might be amended in this respect, to enlarge its scope, but we cannot agree that for these reasons it is unreasonable. Neither can we agree that it is discriminatory. It includes all streets, all alleys, all business houses, store buildings, restaurants, hotels, livery stables, billiard halls, pool rooms and bowling alleys where the person occupying the building has no license to sell. In other words, when considered in connection with our present state laws, it includes all places where people are prone to drink before

others when congregated together. It was this example of such drinking which the ordinance seeks to prohibit. There is no discrimination in the class of places selected, or the persons prohibited; whether it should have included other places or omitted some included, is a legislative, rather than a judicial question. That such provisions are reasonable, likewise not in violation of any constitutional provisions, either state or federal, in so far as any discrimination is concerned, must be conceded.

*Walker v. The People*, 5 Colo. 37, 37 Pac. 29; *Adams v. Cronin*, 29 Colo. 488, 69 Pac. 590, 63 L. R. A. 61; *Cronin v. Adams*, 192 U. S. 108; *Commonwealth v. Price*, 123 Ky. 163.

The claim that because subdivision 18 of section 6525 Rev. Stats., 1908 (in force when this ordinance was enacted) gave to towns and cities the right to license, regulate or prohibit the sale or giving away of intoxicating liquors, prevented them from passing this portion of this ordinance under the rule that "the expression of one power is the exclusion of others concerning the same general subject" is not well taken. It might be sound if this section was the only authority for the city's actions. This section says "license, regulate or prohibit the sale or giving away of any intoxicating * * * liquor." It does not attempt to cover the question of where they shall be drunk, for this reason does not include the question covered by this ordinance, under another well known rule, viz., that the enumeration in the statute of the powers which may be exercised by a municipal corporation excludes such powers as are not enumerated.

*People v. City of Chicago*, 261 Ill. 16; *People v. Village of Oak Park*, 268 Ill. 256; *Town of Cortland v. Larson*, 273 Ill. 602.

It is not claimed that this portion of the ordinance was authorized by virtue of section 6525, *supra*, but by authority granted under section 6669, *supra*. Besides, the rule that "the expression of the one is the exclusion of the other" which counsel seek to apply to section 6525, *supra*,

is in no sense a fixed and unalterable one. If the question of its applicability to this contention is debatable, a complete answer to counsels' argument will be found in *Schwartz v. The People,* 46 Colo. 239, where a similar contention was made for a clause in the constitution which referred to the importation for and sale of poisonous or drugged liquors, etc., and . where the authority to enact legislation prohibiting the sale of pure liquors was sustained, under the general legislative power clause in the Constitution.

In view of numerous recent decisions, both state and federal, concerning the liquor traffic, it is unnecessary to consider in detail the validity of this part of this ordinance from a constitutional standpoint concerning personal liberty, religious freedom, etc., or otherwise than what effect article XXII of the Constitution adopted at the 1914 election may have had upon it. This article, generally speaking, prohibits the manufacture for sale or gift; the importation into the state for sale or gift; the sale, or to be kept for sale, of any intoxicating liquors or the offering of same for sale, barter or trade. It provides that the handling and sale of such liquors for medicinal or sacramental purposes may be provided by statute, but it does not purport to prohibit the drinking of liquors within the state. After its adoption, the Twentieth General Assembly passed our present prohibitory act, pages 275-288, Laws 1915. This act prohibits the manufacture for sale or gift, or importation into the state for sale or gift, or the sale or keeping for sale, or offering for sale, barter or trade, of any such liquors, but like the constitutional amendment, does not attempt to prohibit the drinking of such liquors, and permits of their sale, for medicinal and. sacramental purposes, under regulations as provided in the act. It exempts private residences occupied as such from its search and seizure provisions. It gives to cities and towns the right to co-operate regarding the matters therein referred to. Section 27 reads as follows: "Municipality may enact.—Any municipality may enact ordinances in

conformity with the provisions of this act." Just what kind of legislation is authorized by this section need not be determined. It indicates, however, a legislative construction of article XXII of the Constitution, as well as of the act itself, to the effect that neither was intended to prohibit towns and cities from enacting ordinances concerning intoxicating liquors. We are likewise of opinion that there is nothing in article XXII of the Constitution, or the 1915 prohibitory act, which conveys any intention of withdrawing from towns and cities the power granted them under section 6669, *supra*, to enact and enforce such an ordinance as that portion of the one under consideration, when, as here, it is not in conflict with the state law. The court committed error in refusing to admit the ordinance in evidence.

The judgment will be reversed and the cause remanded for a new trial not inconsistent with the views herein expressed.

*Reversed and remanded.*

Decision *en banc.*