### WOMEN'S LIBERATION UNION OF RHODE ISLAND et al., Appellees,

v.

### Richard J. ISRAEL et al., Appellants.

### No. 74–1297.

United States Court of Appeals, First Circuit.

Argued Dec. 4, 1974.

Decided March 4, 1975.

---

W. Slater Allen, Jr., Asst. Atty. Gen., with whom Richard J. Israel, Atty. Gen., Providence, R. I., was on brief for appellants.

Stephen J. Fortunato, Jr., Pawtucket, R. I., with whom McKinnon & Fortunato, Pawtucket, R. I., was on brief for appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Rhode Island law prohibits any establishment holding a class C liquor license from serving beverages to women. § 3–8–5 R.I.G.L. 1956 (1969 Reenactment).[1] Appellees on several occasions ordered drinks at Doorley's Bar, a class C establishment, and were refused service because of their sex. They then filed this suit seeking declaratory relief under 42

---

1. Class C licenses are issued to bars on the premises of which no food is prepared. 146 of the 1799 businesses licensed to sell alcoholic beverages in Rhode Island hold class C licenses.

U.S.C. § 1983, alleging violation of their rights under the First and Fourteenth Amendments to the Constitution. The district court, without reaching appellees' First Amendment claims, found the discrimination mandated by § 3–8–5 not rationally related to any legitimate state purpose, and thus violative of the Equal Protection Clause of the Fourteenth Amendment. Women's Liberation Union of Rhode Island v. Israel, 379 F.Supp. 44 (D.R.I.1974). We affirm.

■ The Supreme Court's approach in recent years to gender-based classifications has established that such classifications must at least " . . . 'be reasonable, nor arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920)." Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971); Schlesinger v. Ballard, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975).[2] Where a state in furtherance of a legitimate purpose creates a gender-based classification, *Reed* requires that there be a factually demonstrable distinction between the positions of the men and women affected by the classification which is substantially related to its objective. Wark v. Robbins, 458 F.2d 1295 (1st Cir. 1972).

■ Appellants contend that the district court, in finding the classification established by § 3–8–5 not rationally related to a legitimate state purpose, too narrowly construed the regulatory powers reserved to the states by the Twenty-first Amendment to the Constitution. The Supreme Court in California

v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), approved a regulation prohibiting the presentation in bars of sexually explicit entertainment, some aspects of which the Court conceded would have been protected by the First Amendment in another context. The Court reviewed the cases in which it had recognized the Twenty-first Amendment as " . . . conferring something more than the normal state authority over public health, welfare, and morals", 409 U.S. at 114, 93 S.Ct. at 395 and noted that "[t]hese decisions did not go so far as to hold or say that the Twenty-first Amendment supersedes all other provisions of the United States Constitution in the area of liquor regulations." *Id.* at 115, 93 S.Ct. at 395. The Court concluded that in the light of powerful evidence that prostitution, rape, and assault on police officers proliferated in and around bars presenting sexually explicit entertainment, the state's determination that such entertainment should be prohibited in establishments licensed to serve intoxicating beverages was not "irrational". *Id.* at 116, 93 S.Ct. 390. *LaRue*, while it reiterates the proposition long embraced by the Court that the states have broad powers to regulate the sale of liquor, does not release the states from the requirement that the objective of the regulation be permissible, and that the means selected be rationally related to the end to be achieved.

■ Appellants suggest that the purpose of § 3–8–5 is to protect women because "bars are rough places". They offer no evidence whatever to establish that violence is specially prevalent in bars with class C licenses (as compared, for example, to bar-restaurants or beer and wine taverns); or that women, more

---

**2.** The Court continues divided as to whether more should be required than a "substantial relation" between the objective of the challenged classification and the difference in situation between the sexes upon which it is based. *See* Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974); Schlesinger v. Ballard, *supra.*

It is also unclear whether the test announced in *Reed* is distinct from, or merged with, the Court's approach in recent cases to other classifications not deemed to be invidious or to involve fundamental rights. *See* Cleveland Board of Education v. LaFleur, 414 U.S. 632, 652–54, 94 S.Ct. 791, 39 L.Ed.2d 52 (Powell, J. concurring) (1974).

than men, need protection when violence erupts in their presence; or that prohibiting the service of beverages to women, while allowing their presence, preserves them from harm.[3] Appellants place their major reliance on stare decisis, i. e., on cases in which the Court did indeed content itself with stereotypes. Bradwell v. Illinois, 83 U.S. 130, 21 L.Ed. 442 (1873); Cronin v. Adams, 192 U.S. 108, 24 S.Ct. 219, 48 L.Ed. 365 (1903); Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948). But the authority of those precedents, as the district court amply demonstrated in its comprehensive opinion, has waned with the metamorphosis of the attitudes which fed them. What then was gallantry now appears Victorian condescension or even misogyny, and this cultural evolution is now reflected in the Constitution. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

The decision of the District Court is affirmed.

---

**3.** In each instance since *Reed* where the Supreme Court has approved a sex-based classification, it has done so after a meticulous examination of detailed evidence showing the men and women affected not to be similarly situated. Kahn v. Shevin, *supra*; Schlesinger v. Ballard, *supra*.