■ In the Matter of JOHN F. STREBER, JR., Petitioner, v. STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.— Determination unanimously modified, on the facts, to reduce the penalty to suspension of license to date of order herein and respondent authority directed to issue license upon proper application and as modified determination confirmed, without costs. Memorandum: Respondent authority canceled petitioner's tavern license and disapproved an application for renewal of the license for a period commencing October 1, 1973. The grounds for its determination are that petitioner suffered or permitted prostitution on the premises on February 20, 1973 and that petitioner permitted an obscene dance to be performed on the premises (Alcoholic Beverage

Control Law, § 106, subd. 6). It also found that petitioner permitted a person under the age of 18 years to appear as an entertainer on March 6, 1973 in violation of subdivision 2-b of section 100 of the Alcohol Beverage Control Law. The complaints against petitioner were made by officers of the Rochester Police Department who visited the premises in plain clothes. The alleged violation relating to prostitution is unsupported by substantial evidence. It is apparent from the police officer's own testimony that any agreement by the woman to engage in a sexual act was the result of affirmative action on the part of the officer. The officer's "proposition" was rejected by the woman and it was not until persuasive conversation by the officer and an offer of $100 that she allegedly agreed to engage in the act. As the court stated in *Matter of Abatz* v. *State Liq. Auth.* (21 A D 2d 658, 659), "The occurrence smacks of a lure and entrapment so that the term suffered or permitted would hardly seem applicable". Although petitioner's testimony that he did not know that the entertainer was under 18 years of age was not contradicted, the facts that she was 17 years and 3 months old and that he permitted her to entertain, were violations of the law. The evidence that an entertainer performed an obscene dance is also supported by substantial evidence even though the officer testified that only 45 seconds of a 15-minute performance could be termed lewd. Notwithstanding petitioner's denial that he had any knowledge that the dancer would exhibit herself as she did during her dancing, it is not the burden of the authority to establish a foreseeable pattern of conduct which would be actually known to the licensee (*Matter of Club 95* v. *New York State Liq. Auth.*, 23 N Y 2d 784, 785). Taken as a whole, the record contains sufficient substantial evidence to support the authority's contention that the licensee suffered or permitted the premises to become disorderly (*Matter of Radigan* v. *O'Connell*, 304 N. Y. 396, 399). In our view, the fact that petitioner has had a license for 10 years without any record of previous violations or adverse history renders the penalty of cancellation too severe. A suspension of the license rather than cancellation would be a more proper measure of penalty. We, therefore, modify the determination by reducing the penalty to suspension of the license to the date of the entry of the order in this matter. The authority is directed to issue a license to petitioner upon receipt of a proper application, if one should be made. (Review of determination canceling liquor license and denying renewal, transferred by order of Monroe Special Term.) Present — Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.