SALEM INN, INC., Plaintiff,

v.

Louis F. FRANK, Individually and as Police Commissioner of Nassau County, and Michael Roth, Individually and as Chairman of the New York State Liquor Authority, Defendants.

No. 75 C 2136.

United States District Court, E. D. New York.

Feb. 26, 1976.

Kassner & Detsky, New York City, for plaintiff, by Herbert S. Kassner, New York City.

Louis J. Lefkowitz, Atty. Gen. of N. Y., pro se pursuant to Executive Law § 71, by A. Seth Greenwald, Asst. Atty. Gen.

William E. Bandon, Counsel, New York State Liquor Authority, New York

City, for defendant New York State Liquor Authority, by Martin P. Mehler, New York City.

BARTELS, District Judge.

On October 7, 1975, the New York State Liquor Authority ("SLA") commenced proceedings under §§ 118 and 119 of the New York Alcoholic Beverage Control Law (McKinney's Supp.1975–76) ("ABC Law") to revoke plaintiff's liquor license on the ground that plaintiff violated § 106(6) of the ABC Law in that it permitted the premises to become "disorderly" on June 17, June 20, and June 24, 1975, by permitting lewd and indecent performances on said premises.[1] A hearing was commenced on the aforesaid date before Hearing Officer Herbert Rosenstein of the SLA and is presently continuing. After commencement of the above proceedings and in order to amplify what shall constitute a lewd and indecent performance the SLA promulgated Rule 36 of the State Liquor Authority Rules, 9 New York Code Rules and Regulations, Part 53, §§ 53.1(r) and 53.1(s) ("Rule 36"). Subsequently plaintiff filed this civil rights action arising under 42 U.S.C. § 1983 for injunctive and declaratory relief, basing jurisdiction on 28 U.S.C. §§ 1331, 1332 and 1343. On December 19, 1975, plaintiff obtained an order to show cause, returnable January 2, 1976, why a three judge district court should not be convened pursuant to 28 U.S.C. §§ 2281–84 for the purpose of declaring § 106(6) of the ABC Law and Rule 36 unconstitutional in violation of the First and Fourteenth Amendments and why a preliminary injunction against the SLA's cancellation or revocation of plaintiff's liquor license should not be issued pending the determination of the declaratory judgment. The bases of plaintiff's constitutional attack are that the statute and the Rule are overbroad, arbitrary and capricious and that they establish two unjustified, discriminatory classifications between: (1) topless and bottomless dancing and (2) topless and bottomless dancing at premises where liquor is served and such dancing at premises where it is not served.

For the reasons set forth below, the Court has refused to grant the preliminary injunction but has invoked the convention of a three judge court.

This is the fourth episode, and we hope the final one, in the saga of the plaintiff's, Salem Inn, Inc., conflict with the law.[2] Plaintiff owns and operates a bar located in Nassau County, New York, which is duly licensed by the SLA for on-premises consumption of alcoholic beverages and which features as entertainment for its patrons nude dancing on a stage.

Section 106(6) of the ABC Law provides:

"No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly."

Where topless and bottomless dancing has been performed on licensed premises it has been the practice of the SLA in the past to institute proceedings against the licensee to revoke, suspend or cancel the license on the ground that such dancing was a "lewd and indecent" performance which rendered the premises "disorderly" in violation of § 106(6) of the ABC Law. See, e. g., Streber v. State Liquor Authority, 47 A.D.2d 808, 365 N.Y.S.2d 580 (3d Dep't 1975); See v. State Liquor Authority, 47 A.D.2d 672, 365 N.Y.S.2d 29 (2d Dep't 1975). This is the procedure employed against plaintiff in the proceedings now pending.

---

1. Subsequently, a second charge of unauthorized alteration of the licensed premises in violation of § 99–d(1) of the ABC Law was added to the revocation proceedings with which this application is not concerned.

2. For the results of plaintiff's prior applications see: Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); Salem Inn, Inc. v. Frank, 501 F.2d 18 (2d Cir. 1974); Salem Inn, Inc. v. Cahn, Civil Docket No. 74 C 1590, voluntary dismissal, October 30, 1975.

However, on October 21, 1975, the New York Court of Appeals held, in *In the Matter of Beal Properties, Inc. v. State Liquor Authority,* 37 N.Y.2d 861, 378 N.Y.S.2d 43 (1975), that "absent a regulation by the agency giving notice. that conduct not lewd or indecent per se was proscribed, a sanction could not be imposed," *id.,* pursuant to § 106(6) of the ABC Law unless there has been a finding, after a hearing, that a particular performance was in fact lewd or indecent. In order to give such notice the SLA promulgated on December 3, 1975, Rule 36 which prohibits certain forms of topless and bottomless dancing on licensed premises not necessarily lewd and indecent per se. The pertinent portion of this rule reads as follows:

"53.1 Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes:

\* \* \* \* \* \*

"(r) For suffering and permitting on licensed premises (1) any lewd or indecent conduct or (2) any person to appear unclothed or in such manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals, or any simulation thereof.

"(s) For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof. The provisions of this subdivision shall not apply to any female entertainer performing on a stage or platform which is at least eighteen inches above the immediate floor level and which is removed at least six feet from the nearest patron."

### Three Judge Court

Plaintiff seeks a declaratory judgment that the State statute and regulations promulgated thereunder by the SLA are unconstitutional for the reasons heretofore stated. If the attack presents a substantial constitutional question a three judge court may properly be convened pursuant to 28 U.S.C. §§ 2281–84. At the threshold it is to be noted that the statute and the Rule do not prohibit nude or topless dancing except upon premises licensed to sell alcoholic beverages. Thus this case is entirely different from *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), and *Salem Inn, Inc. v. Frank,* 501 F.2d 18 (2d Cir. 1974), where local ordinances attempted to prohibit topless dancing across the board in violation of the plaintiff's First Amendment rights. Here a new element has been introduced predicated upon the authority of the State under the Twenty-First Amendment to regulate the sale and distribution of alcoholic beverages within its own borders. The Twenty-First Amendment specifically authorizes a broader power of regulation in connection with the sale of alcoholic beverages which was absent in the three prior Salem Inn challenges.

In *LaRue v. State of California,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the Supreme Court held that in the context of the regulation of the sale and distribution of alcoholic beverages the State's broad power under the Twenty-First Amendment is broad enough to permit the State to prohibit, on licensed premises, topless or bottomless dancing which otherwise might be protected by the First Amendment. Defendant contends that *LaRue* is distinguishable on two grounds: (1) that the regulations in *LaRue* were promulgated after extensive public hearings and (2) the California regulations do not attach criminal liability for their violation. Since *LaRue* does not give the State unrestricted power to impose sanctions without procedural due process or to adopt regulations which are not rationally related to a permissible end, *Women's Liberation Union of Rhode Island v. Israel,* 512 F.2d 106 (1st Cir. 1972), we conclude that plaintiff's claims of unconstitutionality cannot be categorized as frivolous or insubstantial which would prevent the convening of a three judge court. *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974);

*Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); *Swift & Co. v. Wickham,* 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); *Ex Parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); *Paladino v. City of Omaha,* 471 F.2d 812 (8th Cir. 1972). Specifically, the question to be resolved is whether or not § 106(6) of the ABC Law and Rule 36 are unconstitutionally overbroad in that they are not rationally related to a permissible end and, therefore, overstep the authority of the State under the Twenty-First Amendment. Consequently, a three judge court must be convened.

*Preliminary Injunction*

■ It is well recognized that a temporary restraining order may be granted by a single district court judge, prior to the convening of a three judge court, pursuant to 28 U.S.C. § 2284(3) in order to prevent irreparable injury if the requesting party clearly establishes that it has a reasonably good chance of ultimate success on the merits and that irreparable damage will result from a denial of the injunction. *Bruno v. City of Kenosha,* 333 F.Supp. 726 (E.D.Wis. 1971); *S. P. S. Consultants, Inc. v. Lefkowitz,* 333 F.Supp. 1373 (S.D.N.Y.1971). The preliminary injunction is an extraordinary remedy and it will not be granted except upon a clear showing of probable success and possible irreparable injury. *Checker Motors Corp. v. Chrysler Corp.,* 405 F.2d 319 (2d Cir.), *cert. denied,* 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969). While plaintiff has made a showing of possible irreparable injury in its claim that it has lost 40% of its business by reason of compliance with the statute and the regulations it has made no clear showing of a probability of success on the merits which would justify an injunction. As stated in *Checker Motors Corp. v. Chrysler Corp., supra,* and other Second Circuit cases, see *Gresham v. Chambers,* 501 F.2d 687 (2d Cir. 1974); *American Brands, Inc. v. Playgirl, Inc.,* 498 F.2d 947 (2d Cir. 1974); *Sonesta International Hotels Corp. v. Wellington Associates,* 483 F.2d 247 (2d Cir. 1973), the burden of showing probable success is less where the balance of hardships tips decidedly toward the party requesting the relief and the questions raised going to the merits are serious, substantial and difficult. Considering the interests of the State in preventing offensive, lewd and indecent conduct in bars and other premises where alcohol is consumed and nude and topless dancing is permitted we cannot say that the balance of hardships tips decidedly in favor of the plaintiff.

■ While the questions going to the merits are serious and substantial, considering the potential infringement upon plaintiff's First Amendment rights, the State's position under the Twenty-First Amendment as construed by *LaRue v. State of California, supra,* is sufficiently strong to compel this Court to deny, in the exercise of its discretion, temporary relief. We do not believe that this conclusion in any way militates against our prior conclusion that plaintiff's claims are sufficiently substantial to justify the convention of a three judge court.

Accordingly, plaintiff's motion for convening a three judge court is granted and plaintiff's motion for a preliminary injunction is denied.

So ordered.